Eric **VANDERWERFF, D.C., d/b/a Millennium Chiropractic & Scoliosis Center, Appellant**

v.

Kristina **BEATHARD, Appellee.**

No. 05–07–00128–CV.

Court of Appeals of Texas, Dallas.

Nov. 1, 2007.

Stephen G. Good and Brenda Neel Hight, Fletcher & Springer, L.L.P., Dallas, for Appellant.

Jay Crismon Vecchio, Vecchio & Vecchio, Grand Prairie, TX, for Appellee.

Before Justices RICHTER, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice RICHTER.

In a single issue, appellant Eric Vanderwerff, D.C., d/b/a Millennium Chiropractic & Scoliosis Center challenges the trial court's order denying his motion to dismiss on the ground that appellee Kristina Beathard failed to comply with the expert report requirements of section 74.351(b) of the Civil Practice and Remedies Code. *See*

TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b) (Vernon 2005). Because we conclude that the Beathard's claims are "health care liability claims" subject to the requirements of section 74.351(b), we resolve appellant's issue in his favor. We reverse the judgment of the trial court, render judgment dismissing Beathard's claims with prejudice, and remand the case solely for a determination of reasonable attorney's fees and costs of court incurred by Vanderwerff.

## A. Background

Beathard presented to Vanderwerff, a chiropractor, complaining of pain in her neck, wrists, ankle, and left knee. She also indicated the pain extended from her knee to upper thigh. Beathard claimed Vanderwerff rubbed her genitals during the examination. As a result, Beathard sued Vanderwerff in tort for assault.[1] When Beathard failed to file an expert report as required by section 74.351(b) of the MLIIA, Vanderwerff moved to dismiss her claim. The trial court denied the motion to dismiss, and this interlocutory appeal ensued.

In a single issue, Vanderwerff argues the trial court erred by denying his motion to dismiss because Beathard's claim for sexual assault is the artful pleading of a health care liability claim subject to dismissal for noncompliance with the expert report requirement of the Texas Medical Liability and Insurance Improvement Act (the MLIIA)[2]. Based on our review of the record and the applicable law, we agree.

---

1. Criminal charges were also filed against Vanderwerff, and the grand jury did not indict Vanderwerff.

2. See Act of May 30, 1977, 65th Leg., R.S., ch. 817, §§ 1.01–41.05, 1977 Tex. Gen. Laws 2039–64 (subsequent amendments omitted) (former TEX. REV.CIV. STAT. ANN. art 4590i (Ver-

non Supp.2003)), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 864, 884 (current version at TEX. CIV. PRAC. & REM. CODE ANN §§ 74.001–74.507 (Vernon Supp.2006)) (herineafter MLIIA).

## B. Standard of Review

When the resolution of an issue on appeal requires the interpretation of a statute, the court applies a *de novo* standard of review. *Groomes v. USH of Timberlawn, Inc.,* 170 S.W.3d 802, 804 (Tex. App.-Dallas 2005, no pet.). Thus, in determining whether Beathard's claim is a "health care liability claim" for the purpose of applying chapter 74 of the Civil Practice and Remedies Code, we apply a *de novo* standard of review. *See Ponce v. El Paso Healthcare Sys., Ltd.,* 55 S.W.3d 34, 36 (Tex.App.–El Paso 2001, pet.denied); *Boothe v. Dixon,* 180 S.W.3d 915, 919 (Tex. App.-Dallas 2005, no pet.).

## C. Applicable Law

Section 74.351(a) of the civil practice and remedies code requires that a claimant bringing a health care liability claim must, not later than the 120th day after filing suit, serve on each party or the party's attorney one or more expert reports for each physician or health care provider against whom a liability claim is being asserted. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp.2006). If a report has not been served by the 120–day deadline, the statute requires that upon motion by the affected physician or health care provider, the trial court "shall" dismiss the action with prejudice and award reasonable attorney's fees and costs. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b) (Vernon Supp.2006). The expert report requirements apply to a patient's claims regardless of whether they are tort claims, as long as the claims fall within the statutory definition of "health care liability claims." *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 848 (Tex.2005). A health care liability claim is defined as:

> [A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(13) (Vernon 2005). When the essence of the suit is a health care liability claim, a party cannot avoid the requirements of the statute through the artful pleading of his claim. *Diversicare,* 185 S.W.3d at 848; *Garland Community Hosp. v. Rose,* 156 S.W.3d 541, 543 (Tex. 2004); *MacGregor Med. Ass'n v. Campbell,* 985 S.W.2d 38, 40 (Tex.1998). The Texas Supreme Court has instructed that the determination of whether a claim falls within the definition of a health care liability claim requires an examination of the underlying nature of the claim. *Sorokolit v. Rhodes,* 889 S.W.2d 239, 242 (Tex.1994); *Groomes,* 170 S.W.3d at 806. If the act or omission that forms the basis of the complaint is an inseparable part of the rendition of health care services, or if it is based on a breach of the standard of care applicable to health care providers, then the claim is a health care liability claim. *Garland Community Hosp.,* 156 S.W.3d at 544 (citing, *Walden v. Jeffery,* 907 S.W.2d 446, 448 (Tex.1995)); *MacPete v. Bolomey,* 185 S.W.3d 580, 584 (Tex.App.-Dallas 2006, no pet.). Plaintiffs cannot avoid the MLIIA by artful pleading or recasting their causes of action as something other than health care claims. *See MacPete,* 185 S.W.3d at 584. In our application of this core analysis, we are mindful of the Texas Supreme Court's concern that the application of a "rigid temporal distinction would create a large loophole, rendering the MLIIA inapplicable to a substantial number of claims against health care providers." *Id.* at 546. Within these parameters, we examine

whether the underlying nature of the claim in this case is so inextricably interwoven with the rendition of health care services as to constitute a health care liability claim. *See Garland Community Hosp.* 156 S.W.3d at 546.

### D. Beathard's Claims

■ Vanderwerff was performing a chiropractic examination of Beathard when the alleged conduct giving rise to the claim occurred. According to Vanderwerff, he was using subjective means to manipulate Beathard's musculoskeletal system. The record reflects Beathard presented to Vanderwerff complaining of pain in her neck, wrists, ankle, and left knee. Beathard was also asked to place an "X" on an anatomical drawing to indicate the areas where she was experiencing pain. In addition to the areas described above, Beathard placed "X" marks running from her knee to upper thigh.

In her original petition, Beathard asserted Vanderwerff is liable in tort for assault because he rubbed her genitals "during the course of a routine examination of her knee." In her second amended petition, Beathard conceded Vanderwerff is a health care provider and claimed Vanderwerff also violated section 22.011(b)(9) of the Texas Penal Code by using his position as a health care provider to exploit her emotional dependency on him. Vanderwerff contends he was acting within the scope of the chiropractic profession, and a chiropractor manipulates the muscles radiating from the area around a patient's knee for diagnostic and treatment purposes. Some of these muscles, such as the Gracilis, stretch from the knee to the pelvis.

The threshold questions raised by Beathard's pleadings are whether she consented to treatment and whether Vanderwerff's examination was within the scope of a chiropractic examination. Was the examination a "routine" examination as Beathard contends? These questions cannot be answered without reference to the standard of care required of a chiropractic provider. The conduct about which Beathard complains occurred during the course of treatment by a health care professional and is therefore inseparable from the rendition of health care services. As a result, Beathard's claim is a health care liability claim subject to the expert report requirements of section 74.351(b). Because Beathard failed to file an expert report as required by section 74.351(b), we reverse the trial court's order denying the motion to dismiss, and render judgment in Vanderwerff's favor dismissing Beathard's claims with prejudice.

Attorney's fees and costs of court are mandatory under the MLIIA when a claimant fails to file an expert report on a health care liability claim. Accordingly, we remand the case solely for a determination of attorney's fees and costs of court incurred by Vanderwerff.