

# NUMBER 13-07-00608-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DOCTORS HOSPITAL
AT RENAISSANCE, LTD.,                                    **Appellant,**

**v.**

ELIDA RAMIREZ, INDIVIDUALLY, AND
AS REPRESENTATIVE OF THE ESTATE
OF ENRIQUETA GOMEZ, ET AL.,                             **Appellees.**

### On appeal from the County Court at Law No. 4
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Doctors Hospital at Renaissance, Ltd. ("Doctors Hospital"), appeals from

a judgment dismissing a health care liability claim brought by appellees, Elida Ramirez,

individually, and as representative of the estate of Enriqueta Gomez, Cruz Gomez, Diana

Contreras, Guadalupe Salazar, Joe Gomez, Josefa Gomez, Juan Gomez, Leo Gomez, Manuela G. Reyna, Pablo Gomez, Pedro Gomez, and Virginia Gonzalez (collectively "Ramirez"). Specifically, Doctors Hospital takes issue with the trial court's failure to award it attorney's fees upon the dismissal of Ramirez's claim. By one issue, Doctors Hospital contends that the trial court abused its discretion in refusing to award it reasonable attorney's fees pursuant to section 74.351 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (Vernon Supp. 2007). We reverse and remand to the trial court to determine the appropriate amount of attorney's fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying action arose from a slip and fall accident where Enriqueta Gomez, now deceased, sustained a hip fracture, which immobilized her and allegedly led to her death.[1] On March 30, 2007, Ramirez filed their second amended original petition asserting claims for, among other things, premises liability based in negligence, negligence under the Texas Medical Liability and Insurance Improvement Act ("MLIIA"), loss of consortium, wrongful death, and a survival action. Doctors Hospital responded by filing a plea in abatement and an original answer on May 3, 2007. In this filing, Doctors Hospital contended that Ramirez failed to provide it with notice and authorization of their health care liability claim as required by sections 74.051 and 74.052 of the civil practice and remedies code, *see id.* §§ 74.051, 74.052 (Vernon 2005), and it denied all of Ramirez's allegations.

On May 16, 2007, Ramirez provided Doctors Hospital with notice of their intent to file the expert report of Robert Montgomery, M.D. *See id.* § 74.351(a). On July 27, 2007,

---

[1] Originally, Ramirez brought suit against El Patio Adult Day Care, Inc., but later joined Retama Manor Nursing Center, South Texas Health System d/b/a McAllen Medical Center, Doctors Hospital at Renaissance, Ltd. ("Doctors Hospital"), and LifeCare Hospitals of South Texas, Inc. Only Doctors Hospital is a party to this appeal.

Ramirez filed another notice of intent to file a second expert report compiled by Darryl L. Stinson, M.D. *See id.* Doctors Hospital objected to both notices. Ramirez did not file an expert report.

Doctors Hospital subsequently filed a motion to dismiss Ramirez's suit on August 1, 2007. In its motion to dismiss, Doctors Hospital contended that Ramirez failed to comply with the 120-day statutory period for producing expert reports. *See id.* The trial court conducted a hearing on August 15, 2007, and ultimately granted Doctors Hospital's motion to dismiss on September 10, 2007.[2] In granting Doctors Hospital's motion to dismiss, the trial court awarded $5,000 in attorney's fees for a successful appeal in this Court, $3,000 in attorney's fees if a petition for review is filed with the Texas Supreme Court, and $4,000 in attorney's fees if the Texas Supreme Court grants the petition for review. However, the trial court did not award reasonable and necessary attorney's fees for handling the matter up to dismissal. The trial court also severed all causes of action asserted by Ramirez and Doctors Hospital into a separate cause number and explicitly noted that the order was a "final applicable [sic] order." Doctors Hospital timely filed its notice of appeal on October 5, 2007.

## II. STANDARD OF REVIEW

We review the trial court's order dismissing Ramirez's health care liability claims and

---

[2] On appeal, Ramirez argues that the trial court improperly granted the motion to dismiss filed by Doctors Hospital because Doctors Hospital waived the application of the Texas Medical Liability and Insurance Improvement Act ("MLIIA") and its 120-day expert report requirement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2007). Specifically, Ramirez alleges that Doctors Hospital willfully, knowingly, and intentionally failed to provide medical records on four occasions which prevented them from producing their expert reports within 120 days of filing suit. However, we need not address this contention because Ramirez did not file a notice of cross-appeal taking issue with the propriety of the trial court's grant of Doctors Hospital's motion to dismiss. *See* TEX. R. APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal."). The sole issue in this case pertains to the trial court's award of attorney's fees.

refusing to grant Doctors Hospital attorney's fees under an abuse of discretion standard. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *see also Dail v. Couch*, 99 S.W.3d 390, 391 (Tex. App.–Corpus Christi 2003, no pet.) (noting that an award of attorney's fees is generally reviewed under an abuse of discretion standard). A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or misapplies the law to the established facts of the case. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

### III. ANALYSIS

By its sole issue on appeal, Doctors Hospital contends that the trial court abused its discretion by refusing to award it reasonable and necessary attorney's fees for handling the matter up to the date of dismissal. Specifically, Doctors Hospital argues that section 74.351 of the civil practice and remedies code mandates that the trial court award reasonable attorney's fees and costs of court incurred by the physician or health care provider in conjunction with the dismissal of the health care liability claim for failure to comply with the expert report requirements. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351; *see also Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006) (holding that with few exceptions, a party cannot recover attorney's fees unless permitted by statute or contract).

Conversely, Ramirez asserts that Doctors Hospital did not prove that any attorney's fees were owed or that it was entitled to attorney's fees under the *Anderson* test. *See Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Ramirez

4

also argues that although the MLIIA calls for the dismissal of a claim for failure to comply with the expert report requirements, the Texas Rules of Civil Procedure does not authorize the dismissal of a claim by a "motion to dismiss."[3]

## a. Applicable Law

Section 74.351(a) provides that:

[i]n a healthcare liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.[4]

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).  Section 74.351(b) states that in the event that a plaintiff does not comply with the 120-day time period, the trial court, on the motion of the affected physician or health care provider, "*shall* . . . enter an order that:  (1) *awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider*; and (2) dismisses the claim . . . with prejudice to the refiling of the claim."  *Id.* § 74.351(b) (emphasis added).

## b. Discussion

As previously mentioned, the trial court failed to award Doctors Hospital attorney's fees for services provided up to the point of dismissal.  At the August 15, 2007 hearing,

---

[3] On appeal, Ramirez admits that "this question (which procedural vehicle is best used to dismiss a MLIIA claim) is not well presented here, and indeed is moot within the current context because neither party to this appeal contests the dismissal of Doctors' [sic] Hospital."  Notwithstanding Ramirez's claim, the Texas Supreme Court has recognized the use of a motion to dismiss in this context.  *See Lewis v. Funderburk*, No. 06-0518, 2008 Tex. LEXIS 312, at **9-10 (Tex. Apr. 11, 2008) (O'Neill, J., concurring).  Furthermore, as we have previously noted, Ramirez has not filed a notice of cross-appeal taking issue with the propriety of the trial court's granting of Doctors Hospital's motion to dismiss.  *See* TEX. R. APP. P. 25.1(c).

[4] The parties do not dispute that the underlying claims were health care liability claims or that section 74.351 applies in considering the trial court's award of attorney's fees.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001(a)(13) (Vernon 2005), 74.351.

Ronald Hole, counsel for Doctors Hospital, testified as to the issue of attorney's fees. Hole testified that he was familiar with the usual and customary terms and fees associated with handling medical negligence cases in Hidalgo County, Texas. Hole further testified that he personally worked on this case from the beginning and that a reasonable and necessary fee for handling the case up to the point of dismissal was $9,840. Hole noted that in deriving this figure, he charged $200 per hour for forty-nine hours of work. In addition, Hole stated that: (1) if the case was to be appealed to this Court, a reasonable and necessary fee would be $10,000; (2) if a petition for review was filed with the Texas Supreme Court, then a reasonable and necessary fee would be $6,000; and (3) if the petition was granted by the Texas Supreme Court, a reasonable and necessary fee would be $8,000. Ramirez neither cross-examined Hole nor presented any testimony controverting his attorney's fee calculations.

In *Arthur Anderson & Co.*, the Texas Supreme Court intimated eight factors to consider when determining the reasonableness of attorney's fees. 945 S.W.2d at 818. These factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;

6

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* Contrary to Ramirez's assertions, Hole's testimony established several of the *Anderson* prongs, including: (1) the time and labor required; (2) the fee customarily charged in the locality for similar legal services; and (3) amount involved and results obtained. *See id.*; *see also Falls County Water Control & Improvement Dist. No. 1 v. Haak*, 220 S.W.3d 92, 94 (Tex. App.–Waco 2007, no pet.) (holding that the trial court is not required to receive evidence on all eight factors outlined in *Arthur Anderson & Co.* and that the trial court may also consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties in determining the issue of attorney's fees); *Hays & Martin, L.L.P. v. Ubinas-Brache*, 192 S.W.3d 631, 636 (Tex. App.–Dallas 2006, pet. denied). Based on the foregoing, we conclude that the trial court had sufficient evidence before it to determine reasonable attorney's fees within the context of section 74.351. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).

Where an expert report does not satisfy the statutory requirements, the trial court has no discretion but to (1) grant the dismissal of the lawsuit, and (2) award reasonable attorney's fees and costs. *See Palacios*, 46 S.W.3d at 877 ("if the plaintiff fails within the time allowed either to provide the expert reports and curriculum vitae, or to nonsuit . . . the trial court must sanction the plaintiff by dismissing the case with prejudice, awarding costs and attorney's fees to the defendant . . . .") (analyzing the predecessor to the current

7

version of the MLIIA, former article 4590i, section 13.01(d) of the Texas Revised Civil Statutes); *see also Trevino v. Carrizales*, No. 13-05-556-CV, 2006 Tex. App. LEXIS 7236, at *1 (Tex. App.–Corpus Christi Aug. 17, 2006, no pet.) ("Although the trial court has discretion to set the amount of reasonable attorney's fees, the court may not, in circumstances such as these, completely deny a duly filed motion for attorney's fee's [sic] and costs of court." (Internal citations omitted.)). Moreover, section 74.351(b) provides that the trial court "shall . . . enter an order" awarding "reasonable attorney's fees and costs of court incurred by the physician or health care provider . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). The term "shall" imposes a mandatory duty on the trial court. *See* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 1998); *see also Mitchell v. Hancock*, 196 S.W. 694, 700 (Tex. Civ. App.–Fort Worth 1917, no writ) ("[T]he ordinary meaning of 'shall' or 'must' is of mandatory effect . . . ."). Therefore, the trial court was not permitted to deny Doctors Hospital attorney's fees for handling the matter up to the point of dismissal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).

Because Hole testified as to the reasonableness of attorney's fees in this matter and because section 74.351 mandates reasonable attorney's fees upon a failure to comply with the expert report requirements, we conclude that the trial court abused its discretion in refusing to award Doctors Hospital attorney's fees for handling the matter up to the point of dismissal. *See id.* § 74.351(b); *see also Vanderwerff v. Beathard*, 239 S.W.3d 406, 409 (Tex. App.–Dallas 2007, no pet.) ("Attorney's fees and costs of court are mandatory under the MLIIA when a claimant fails to file an expert report on a health care liability claim."). Accordingly, we sustain Doctors Hospital's sole issue and remand to the trial court to

8

determine reasonable attorney's fees up to the time of dismissal.

## IV. Conclusion

We reverse the judgment of the trial court as it pertains to attorney's fees, and we remand to the trial court to determine the appropriate amount of attorney's fees.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 10th day of July, 2008.