Appellant’s Motion for Rehearing is Overruled and Motion for En Banc
Rehearing Denied as Moot; Opinion of March 30, 2010, Withdrawn, Affirmed and Substitute
Opinion filed May 20, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00450-CV

___________________

 

Matthew W. Wasserman, M.D.,
Appellant

 

V.

 

Christina Bergeron Gugel,
Appellee



 



 

On
Appeal from the 151st District Court

Harris County,
Texas



Trial Court Cause No. 2008-24997

 



 

 

SUBSTITUTE OPINION

Appellant, Matthew W. Wasserman, M.D.’s motion for rehearing
is overruled and motion for en banc rehearing is denied as Moot, our opinion of
March 30, 2010 is withdrawn, and the following substitute opinion is issued in
its place.

This is an interlocutory appeal from an order denying
Wasserman’s motion to dismiss for failure to file an expert report as required
by section 74.351(a) of the Texas Civil Practice and Remedies Code.  We affirm.

 

 

Factual and Procedural
Background

            Appellant is an orthopedic surgeon licensed in
the State of Texas.  In her Plaintiff’s Original Petition, appellee, Christina
Bergeron Gugel, alleged that during a medical appointment, Wasserman sexually
assaulted her.  Gugel’s specific allegations include the following.

Gugel scheduled an appointment with Wasserman for a
physical examination and review of medical history to determine if she needed
back surgery.  On November 16, 2006, Gugel, accompanied by her sister-in-law,
arrived for that appointment.  During the appointment, which took place in the
presence of Gugel’s sister-in-law, Wasserman conducted a physical examination,
reviewed Gugel’s medical history, and questioned her regarding any present pain
and numbness.  Wasserman then asked Gugel to return the next day to receive his
recommendation regarding her need for back surgery.

            Gugel alleged
that she returned, alone, the next afternoon for the surgery consult.  A nurse escorted
Gugel into an examination room and explained to her that she was only there for
a consult.  The nurse departed and left the door open at the request of Gugel. 
Then, through the open door, Gugel saw Wasserman review her magnetic resonance
imaging (“MRI”) films.  Wasserman then entered the examination room.  Wasserman
explained that he did not believe Gugel needed back surgery.  Wasserman then
took Gugel out of the examination room and showed her the MRI films.  Wasserman
then lead Gugel back into the examination room and he then shut the door behind
them.

Gugel further alleged that, now alone in the
examination room with Gugel, Wasserman began a second physical examination of
Gugel.[1] 
Wasserman, who was not wearing examination gloves, began this second physical
examination in two days by pulling Gugel’s sweat pants down over her hips,
discovering she was not wearing underpants.  Wasserman examined Gugel’s thigh
and legs and inquired where she felt numbness.  Wasserman then asked Gugel to
walk on her heels, then on tip-toe.  Wasserman then asked Gugel to touch her
toes.  All of these requests duplicated exactly the physical examination Wasserman
had conducted the previous day.

Gugel alleges that Wasserman then had Gugel lie down
on the examination table.  Wasserman pressed his hands down on Gugel’s hips and
asked if that hurt.  Gugel replied that it did not.  According to Gugel, Wasserman
then, suddenly and without warning, grabbed Gugel’s sweat pants from the front
and pulled them down low enough to expose her entire pubic area.  Wasserman
then is alleged to have put his hands between Gugel’s legs, touched the top
part of her vulva at the opening of her vagina, and asked Gugel if she had
feelings there.  Wasserman then pulled appellee’s sweat pants up, and assisted Gugel
in rolling over onto her stomach.  Following a brief check of an area of Gugel’s
back she had already revealed was experiencing pain, Wasserman suddenly pulled Gugel’s
sweat pants down below her buttocks.  Wasserman then spread Gugel’s buttocks
apart, and inserted his finger into her vagina and asked if she had feelings in
her vaginal area.  Following this, Gugel quickly left Wasserman’s office.

Gugel also alleged that, following this office
incident, Wasserman made numerous harassing telephone calls to her.

Gugel filed suit against Wasserman as well as his
alleged employers, Richmond Bone & Joint Clinic, P.A. and Richmond
Surgical, PLLC.  Gugel asserted causes of action for sexual assault and
battery, intentional infliction of emotional distress, and harassment.  Gugel
alleged Wasserman’s alleged employers were liable under a respondeat superior
theory of liability.  Gugel did not file a section 74.351(a) of the Texas Civil
Practice and Remedies Code expert report.  After the 120 day deadline to file
the expert report had passed, Wasserman, as well as his alleged employers,
moved to dismiss Gugel’s suit pursuant to section 74.351(a) of the Texas Civil
Practice and Remedies Code.  The trial court granted the motion to dismiss of Wasserman’s
alleged employers, Richmond Bone & Joint Clinic, P.A. and Richmond
Surgical, PLLC, and that action is not at issue in this appeal.  The trial
court denied Wasserman’s motion as to Gugel’s claims against him.  This
interlocutory appeal followed.

Discussion

I.         The standard of
review and the applicable law.

            We review a trial
court’s order granting or denying a motion to dismiss for failing to timely
file a section 74.351(a) expert report under an abuse of discretion standard.  See
Holguin v. Laredo Regional Medical Ctr., L.P., 256 S.W.3d 349, 352 (Tex.
App.—San Antonio 2008, no pet.) (citing Am. Transitional Care Ctrs. of Tex.,
Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001)).  However, when the issue
presented requires statutory interpretation or a determination of whether
Chapter 74 applies to a claim, that is a question of law to which we apply a de
novo standard of review.  Id.

            Section 74.351(a)
requires that, not later than the 120th day after filing suit, a claimant serve
on each party or the party’s attorney one of more expert reports for each
physician or health care provider against whom a claim is asserted.  Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2009).  If the claimant
does not serve the report, the trial court is required upon motion by the
affected physician or health care provider to dismiss the claim with prejudice
and award reasonable attorney’s fees and costs.  Id. at § 74.351(b). 
The expert report requirement applies to all claims that fall within the
statutory definition of a “health care liability claim.”  Holguin, 256
S.W.3d at 352.  The statute defines “health care liability claim” as:

[A] cause of action against a health care provider or
physician for treatment, lack of treatment, or other claimed departure from
accepted standards of medical care, or health care, or safety or professional
or administrative services directly related to health care, which proximately
results in injury to or death of a claimant, whether the claimant’s claim or
cause of action sounds in tort or contract.

Id. quoting Tex. Civ.
Prac. & Rem. Code Ann. § 74.001(a)(13).  Whether a claim falls within the
definition of health care liability claim requires an examination of the
essence or underlying nature of the claim.  Id.  A cause of action
against a health care provider is a health care liability claim if it is based
on a claimed departure from an accepted standard of medical care, health care,
or safety of the patient.  Id.  “A cause of action alleges a departure
from accepted standards of medical care or health care if the act or omission
complained of is an inseparable part of the rendition of medical services.”  Id.
quoting Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 848
(Tex. 2005).  When the essence of a suit is a health care liability claim, a
claimant cannot avoid the expert report requirements through artful pleading.  Id.
at 353.  Therefore, we must determine whether Gugel’s claims against Wasserman
are “so inextricably interwoven with the rendition of medical care or health
care so as to constitute a health care liability claim.”  Id. citing Garland
Cmty. Hosp. v. Rose, 156 S.W.3d 541, 546 (Tex. 2004).

II.        Appellee’s
claim against appellant is not a health care liability claim.

            Gugel’s claim
against Wasserman is that he sexually assaulted her during a surgical consult. 
Like the San Antonio court of appeals before us, we conclude that it would “defy
logic to suggest that a sexual assault [such as that alleged by Gugel], is an
inseparable part of the rendition of medical care or a departure from accepted
standards of health care.”  Id. (internal quotation marks omitted).  We
conclude that Gugel’s claim against Wasserman has nothing to do with a lapse in
professional judgment or a failure to protect a patient due to an absence of
supervision or monitoring.  Id. at 354; see Buck v. Blum, 130
S.W.3d 285, 291 n. 6 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (noting
that a physician’s assaultive conduct would not be considered an inseparable
part of the rendition of medical care).

            Appellant’s
reliance on the case of Vanderwerfer v. Beathard does not change our
conclusion.  Vanderwerfer v. Beathard, 239 S.W.3d 406 (Tex. App.—Dallas
2007, no pet.).  In Vanderwefer the Dallas Court of Appeals held that
the plaintiff’s claim that the defendant doctor “rubbed her genitals” during
the course of a chiropractic examination was “inseparable from the rendition of
health care services” and therefore fell within the scope of the expert report
requirement found in section 74.351(b) of the Civil Practice and Remedies
Code.  Id. at 409.

We do not find Vanderwerfer persuasive for two
reasons.  First, we note that Vanderwerfer does not represent binding
authority for this court.  Second, we conclude Vanderwerfer is factually
distinguishable from the allegations at issue here.  In Vanderwerfer the
plaintiff presented to the defendant doctor, a chiropractor, complaining of
pain in her neck, wrists, ankle, and left knee.  Id.  In addition, the
plaintiff was asked to mark on an anatomical chart those areas where she was
experiencing pain.  Id.  The plaintiff marked the entire area running
from her knee to her upper thigh.  Id.  The plaintiff then complained in
her original petition that the defendant doctor “rubbed her genitals ‘during
the course of a routine examination of her knee.’”  Id.  The Dallas
Court of Appeals concluded that the plaintiff’s pleading raised questions that could
not be answered without reference to the standard of care required of a
chiropractic provider rendering the plaintiff’s claim inseparable from the
rendition of medical services.  Id.

In the case before us, Gugel alleges that Wasserman
had conducted his physical examination of Gugel and asked her to return the
next day for the sole purpose of receiving his recommendation regarding her
need for back surgery.  When Gugel returned the next day, Wasserman is alleged
to have initiated a second, unannounced, physical examination during which he (1)
touched Gugel’s vulva at the opening of her vagina, and asked her if she had
feelings there; and (2) spread Gugel’s buttocks apart and inserted his finger
into her vagina while asking if she had feelings in her vaginal area.  This is
not a case where the defendant doctor’s alleged conduct could be explained as a
necessary part of his treatment of the plaintiff’s pain in her upper thigh or a
slip of the hand during that treatment.  Under no reasonable view of the allegations
we are presented with here could it be argued that a surgical consult for back
surgery would require Wasserman, an orthopedic surgeon, to insert his finger
into Gugel’s vagina and ask if had she feelings in that location.

Therefore, we hold that Gugel’s claim as pleaded is
not a health care liability claim governed by Chapter 74 of the Texas Civil
Practice and Remedies Code and the trial court did not abuse its discretion
when it denied Wasserman’s motion to dismiss.  We overrule Wasserman’s single
issue on appeal.    

Conclusion

            Having overruled
appellant’s single issue on appeal, we affirm the trial court’s order denying
Wasserman’s motion to dismiss. 

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Boyce, and Mirabal.[2]

 









[1] In her petition, appellee
alleged that since the November 17, 2006 visit was to be a surgery consult only
and would not involve a physical examination, she was wearing sweat pants but
no underwear. 





[2] Senior Justice Margaret
G. Mirabal sitting by assignment.