**AFFIRM; and Opinion Filed April 9, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-12-00010-CV**
_____

**BARBARA LINDSEY, Appellant**
**V.**
**MAX ADLER, M.D., P.A., MAX ADLER, M.D., AND LINDA WHITE, Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-08937-A**

**MEMORANDUM OPINION**

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

Pro se appellant, Barbara Lindsey, appeals the trial court's order granting appellees' motion to dismiss health care liability claims for failure to timely serve an expert report. In five issues, Lindsey complains that the trial court erred by granting appellees' motion to dismiss without considering Lindsey's second amended petition in which she deleted her healthcare liability claims and retained only her claims for assault and intentional infliction of emotional distress.

The background and facts of the case are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We overrule Lindsey's issues and affirm the trial court's dismissal order.

# I. BACKGROUND

In July 2009, Lindsey sought medical evaluation, care and treatment from Max Adler, M.D. (Dr. Adler) to remove two scars on her forehead. During the course of this medical treatment, Lindsey was given an injection by Linda White, a nurse employed by Dr. Adler's professional association, Max Adler, M.D., P.A. (Adler, P.A.). Lindsey claims she suffered serious injury as a result of the injection. On July 20, 2011, Lindsey filed her original petition against Dr. Adler and Linda White, specifically alleging a health care liability claim along with other claims for negligence, assault, and intentional infliction of emotional distress. She filed her first amended petition on August 5, 2011, adding Adler, P.A. as a defendant.

When Lindsey failed to serve appellees with an expert report within 120 days of filing suit pursuant to section 74.351 of the Texas Civil Practice and Remedies Code, Dr. Adler, Adler, P.A., and Linda White moved to dismiss. Lindsey's 120-day deadline as to Dr. Adler and Linda White expired on November 17, 2011. Lindsey's 120-day deadline as to Adler, P.A. expired on December 4, 2011. The trial court scheduled a hearing on appellees' motion to dismiss for December 16, 2011.

On December 12, 2011, Lindsey filed her second amended petition, alleging the same underlying facts as those set forth in her original and first amended petitions, maintaining the same underlying claims of assault and intentional infliction of emotional distress, but deleting all reference to her negligence and health care liability claims. At the hearing on appellees' motion to dismiss, the trial court granted appellees' motion and dismissed all of Lindsey's claims with prejudice. The trial court subsequently denied Lindsey's motion for new trial.

In this pro se appeal, Lindsey argues that the trial court erred because (1) her second amended petition took precedence over the 120-day expert report deadline, (2) the trial court judge said he had not read her second amended petition, (3) the case law in her motion for new

trial showed no expert report was necessary, (4) the trial court judge told her to stop talking, and (5) she had the right to amend her pleadings.

## II. DISCUSSION

We begin by noting that, although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with all applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Cooper v. Circle Ten Council Boy Scouts of America*, 254 S.W.3d 689, 693 (Tex. App.—Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over those parties who are represented by counsel. *Mansfield State Bank*, 573 S.W.2d at 185; *Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied).

In her second issue, Lindsey complains that the trial court erred by not reading her second amended petition before granting appellees' motion to dismiss. Her argument is unsupported by appropriate citations to authorities. In her third issue, Lindsey states that the case law she presented in her motion for new trial showed no expert report was required. Because Lindsey does not provide a clear and concise argument supported by appropriate citations to authorities, we cannot determine if Lindsey's third issue asserts error by the trial court in granting appellees' motion to dismiss, or in denying Lindsey's motion for new trial. In her fourth issue, Lindsey contends the trial court erred by telling her to stop talking. She cites generally to the Federal Rules of Evidence and the Federal Rules of Civil Procedure for the proposition that a person has the right to testify without interruption. Rule 38.1 of the rules of appellate procedure requires an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1 (i). We cannot review an issue on appeal when it is not supported by argument or citation to applicable legal authority. *Drum*, 299 S.W.3d at 364. We conclude that Lindsey's second, third, and fourth

issues are not sufficiently presented for appellate review. TEX. R. APP. P. 38.1(i). Consequently, we overrule Lindsey's second, third, and fourth issues.

Affording Lindsey's first and fifth issues a liberal interpretation, she complains that the trial court erred by granting appellees' motion to dismiss. She argues that based on rules 63 and 65 of the Texas Rules of Civil Procedure, she had a right to amend her petition, the second amended petition took the place of the first amended petition, and the prior pleadings were no longer part of the record. Lindsey contends that because the second amended petition deleting her health care liability claims was filed before the trial court ruled on appellees' motion to dismiss, there was no basis for appellees' motion to dismiss and the trial court erred in granting it. Lindsey cites two cases to support her argument that an amended pleading supersedes and supplants the original pleading. However, neither case involved a health care liability claimant seeking to avoid dismissal of her suit against a health care provider by filing an amended petition pleading other common law non-health care liability claims against the same health care provider and based on the same facts as alleged in her original petition.

We review a trial court's decision to grant or deny a motion to dismiss for failure to timely serve an expert report under an abuse of discretion standard. *See Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006) (per curiam); *Broxterman v. Carson*, 309 S.W.3d 154, 157 (Tex. App.—Dallas 2010, pet. denied). "We may find abuse of discretion where a trial court acts arbitrarily or unreasonably or without reference to any guiding rules or principles, or fails to correctly determine, analyze, or apply the law, but we may not substitute our judgment in deciding discretionary matters." *Broxterman*, 309 S.W.3d at 157 (citing *Cayton v. Moore*, 224 S.W.3d 440, 444–45 (Tex. App.—Dallas 2007, no pet.). However, when resolution of an issue on appeal requires interpretation of a statute, we apply a de novo standard of review. *See Vanderwerff v. Beathard*, 239 S.W.3d 406, 408 (Tex. App.—Dallas 2007, no pet.). Whether a

–4–

claim is a health care liability claim is a question of law we review de novo. *Id*.; s*ee also Lee v. Boothe*, 235 S.W.3d 448, 451 (Tex. App.—Dallas 2007, pet. denied).

Under section 74.351 of the Texas Civil Practice and Remedies Code, any person who brings a suit asserting a health care liability claim must, within 120 days of filing the claim, provide an expert report for each physician or health care provider against whom the claim is asserted. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2011). If the claimant does not provide an expert report as required, the trial court must, upon motion by the defendant, dismiss the claim with prejudice. *Id*. § 74.351(b). A health care liability claim is defined as:

> [A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*Id*. § 74.001(a)(13) (West Supp. 2012).

The primary question presented by this appeal is whether, after the expiration of the 120-day expert report deadline set forth in section 74.351, a health care liability claimant may avoid dismissal of her suit against a health care provider by filing an amended petition, deleting her negligence and health care liability claims, and pleading assault and intentional infliction of emotional distress causes of action against the same health care providers and based on the same facts as alleged in her original and first amended petitions. We conclude the trial court did not err in granting the appellees' motion to dismiss for two reasons. First, application of the Texas Medical Liability Act (TMLA) cannot be avoided by artfully pleading around it or splitting claims into both health care liability claims and other types of claims. *See Yamada v. Friend*, 335 S.W.3d 192, 193–94 (Tex. 2010). In *Yamada*, the Texas Supreme Court held:

> [B]ecause all the claims against Dr. Yamada were based on the same underlying facts, they must be dismissed because the Friends did not timely file an expert report. When the underlying facts are encompassed by provisions of the TMLA

> in regard to a defendant, then all claims brought against that defendant based on those facts must be brought as health care liability claims.

*Id*. In her appellate brief, Lindsey concedes that her original and first amended petitions asserted health care liability claims. Lindsey also concedes she did not file an expert report. Because her second amended petition asserting assault and intentional infliction of emotional distress claims against Dr. Adler, Adler, P.A., and Linda White is based on the same facts as the health care liability claims asserted in her original and first amended petitions, the record before us reflects the type of claim splitting expressly prohibited by *Yamada*. *See Yamada*, 335 S.W.3d at 193–94; *see also Med. Ctr. of Lewisville v. Slayton*, 335 S.W.3d 382, 386 (Tex. App.—Fort Worth 2011, no pet.) (patient could not avoid application of TMLA in suit against hospital by amending her petition to state a claim for premises liability arising from injuries sustained in a fall, when her original petition, based on the same facts, stated a health care liability claim).

Second, Lindsey's claims for assault and intentional infliction of emotional distress are health care liability claims. In determining whether a claim is a health care claim, a question of law that we review de novo, we look to the nature and essence of the claim, rather than the way it was pleaded. *Lee*, 235 S.W.3d at 451. A health care liability claim cannot be recast as another cause of action in an attempt to avoid the expert report requirement. *See Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005); *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543 (Tex. 2004). We look to the underlying nature of a claim to determine whether it constitutes a health care liability claim. *See Vanderwerff*, 239 S.W.3d at 409 (patient's claim for assault was a health care liability claim); *see also Boothe v. Dixon*, 180 S.W.3d 915, 919 (Tex. App.—Dallas 2005, no pet.) (claims for fraud, breach of fiduciary duty, and violation of the Deceptive Trade Practices Consumer Protection Act were health care liability claims). "If the act or omission alleged in the complaint is an inseparable part of the rendition of health care services, or if it is based on a breach of a standard of care applicable to health care providers,

then the claim is a heath care liability claim." *Boothe*, 180 S.W.3d at 919 (citing *Garland Cmty. Hosp.*, 156 S.W.3d at 544).

Here, the record conclusively shows that the essence of each of Lindsey's claims is the injury she allegedly suffered as a result of the deadening injection administered by Linda White prior to the laser treatment of Lindsey's scars. The injection was an inseparable part of the rendition of medical treatment by Dr. Adler and Linda White. *See Vanderwerff*, 239 S.W.3d at 409. The conduct about which Lindsey complains occurred during the course of treatment by a health care professional and is therefore inseparable from the rendition of health care services. As a result, Lindsey's claims are health care liability claims subject to the expert report requirements of section 74.351. Because Lindsey failed to file an expert report as required by section 74.351(a), we conclude the trial court did not abuse its discretion in granting appellees' motion to dismiss and dismissing Lindsey's claims with prejudice. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *Broxterman*, 309 S.W.3d at 157. We overrule Lindsey's first and fifth issues.

### III. CONCLUSION

We conclude the trial court properly applied section 74.351 of the Texas Civil Practice and Remedies Code to Lindsey's claims for assault and intentional infliction of emotional distress. Having overruled all of Lindsey's issues on appeal, we affirm the trial court's order.

/David Lewis/
DAVID LEWIS
JUSTICE

120010F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BARBARA LINDSEY, Appellant

No. 05-12-00010-CV     V.

MAX ADLER, M.D., P.A, ET AL,
Appellees

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-08937-A.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MAX ADLER, M.D., P.A, ET AL recover their costs of this appeal from appellant BARBARA LINDSEY.

Judgment entered this 9th day of April, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE