**AFFIRMED and Opinion Filed August 26, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-01081-CV

**BARBARA LINDSEY, Appellant**
**V.**
**MAX F. ADLER, M.D., P.A. F/K/A PARK CITIES DERMATOLOGY CENTER A/K/A COPPELL DERMATOLOGY, MAX F. ADLER, AND LINDA L. WHITE, AND JOHN DOES[1], Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-07358**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

Barbara Lindsey, representing herself pro se, appeals the trial court's order dismissing her claims against Max F. Adler, M.D., P.A. f/k/a Park Cities Dermatology Center a/k/a Coppell Dermatology, Max F. Adler, and Linda L. White. In a single issue, Lindsey contends the trial court erred in dismissing her claims pursuant to section 74.351(b) of the Texas Civil Practice and Remedies Code. We affirm the trial court's order.

---

[1] The record does not reflect that any John Does were named or served with process in this suit.

**Background**

In July 2009, Lindsey sought medical treatment from Dr. Adler to remove two scars from her forehead. During the course of treatment, Lindsey was given a numbing injection by White, a nurse employed by Dr. Adler's professional association. Lindsey states that, shortly after the injection was given, the injection site became red and swollen and she began to feel sick. On July 20, 2011, Lindsey filed suit against appellees alleging she had suffered a serious injury as a result of the injection. Specifically, Lindsey alleged she had been injected with a microchip that caused her pain, suffering, and mental anguish. Lindsey asserted claims for negligence under chapter 74 of the Texas Civil Practice and Remedies Code, common law negligence, assault, and intentional infliction of emotional distress.

When Lindsey failed to serve appellees with an expert report as required by section 74.351 of the civil practice and remedies code, appellees moved to dismiss her claims. Following a hearing, the trial court granted appellees' motion and dismissed all Lindsey's claims with prejudice. This Court affirmed the dismissal. *See Lindsay v. Adler*, No. 05-12-00010-CV, 2013 WL 1456633 (Tex. App.—Dallas Apr. 9, 2013, no pet.) (mem. op.).

Nearly six years later, on May 24, 2019, Lindsey filed this suit against appellees alleging claims based on the same procedure made the basis of the 2011 suit. The only substantive difference between the allegations in the current suit and

–2–

the allegations in the previous suit is that, in this suit, Lindsey has alleged she discovered a second "device" implanted as a result of the injection by White. On September 18, 2019, Lindsey served an expert report in support of her claims.

Appellees again moved to dismiss Lindsey's suit under section 74.351 on the ground that she did not timely file an expert report. Appellees argued that Lindsey could not "restart the clock" for serving a report by filing a second suit based on the same conduct made the subject of the first suit. In response to Lindsey's argument that the second suit was based on a newly discovered injury, appellees contended that, under the "single action rule," separate damages arising out of one breach of duty does not create separate causes of action.

The trial court granted appellees' motion and, once again, dismissed all of Lindsey's claims. In its findings of fact and conclusions of law, the court concluded,

> Plaintiff's re-filing of the claim asserted in Plaintiff's 2011 Lawsuit in this matter alleging the exact same underlying complaint and simply alleging an additional injury of the same nature and type as alleged in Plaintiff's 2011 Lawsuit does not allow or provide Plaintiff a new and second 120-day opportunity to serve Defendants an expert report showing her claim against Defendants alleging injuries proximately resulting from the injection given by Defendant Linda L. White has merit.

Lindsey brought this appeal.

**Analysis**

In a single issue, Lindsey contends the trial court erred in dismissing her claims. Courts of appeals in Texas have consistently held that a plaintiff in a health-care liability suit cannot restart the mandatory 120-day deadline for filing an expert report by refiling claims based on the same alleged acts of negligence, even if the new petition adds additional allegations. *See e.g., Davis v. Baker*, No. 03-10-00324-CV, 2010 WL 5463864, at *2 (Tex. App.—Austin Dec. 22, 2010, no pet) (mem. op.); *Toro v. Alaniz*, No. 04-06-00814-CV, 2007 WL 1200122, at *1–2 (Tex. App.—San Antonio Apr. 25, 2007, no pet.) (mem. op.). To allow a plaintiff a second chance to file an expert report addressing the same alleged conduct would be inconsistent with the policies, goals, and statutory provisions of chapter 74. *Mokkala v. Mead*, 178 S.W.3d 66, 76 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

Lindsey correctly points out that the previous cases addressing attempts to restart the 120-day deadline are procedurally distinguishable from this case because they concern plaintiffs who refiled their claims during the course of litigation or after taking a voluntary non-suit. However, the rationale of those cases applies with even greater force when, as here, the original claims were dismissed with prejudice for failure to serve an expert report. By requiring that claims be dismissed with prejudice, section 74.351(b) strongly indicates the Legislature's intent that plaintiffs not be allowed a second chance to file an expert report once the initial deadline has passed. *See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628,

635 (Tex. 2010) (we rely on plain meaning of text as expressing legislative intent). The strictness of the deadline is reinforced by the fact that the Legislature denied trial courts any discretion to grant extensions or deny motions to dismiss when no report is timely served. *See Philipp v. Methodist Hosp. of Dallas*, No. 05-21-00350-CV, 2022 WL 2448118, at \*2 (Tex. App.—Dallas July 6, 2022, no pet. h.) (mem. op.).

Lindsey further attempts to distinguish her suit by arguing her claims are based on a newly discovered injury. But the conduct and alleged breaches of duty that form the basis of this suit are identical to the conduct and breaches alleged in the 2011 suit. As appellees argued both below and on appeal, under the "single action rule," only one cause of action exists for each breach of duty. *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 817 (Tex. 2021). Separate damages stemming from one breach will not result in separate causes of action, regardless of when the damages are discovered. *Id.*[2] The 120-day deadline to file an expert report applies to causes of action, not lawsuits. *Mokkala*, 178 S.W.3d at 71. Because Lindsey has alleged the same breaches of duty in this suit as in the 2011 suit, the trial court properly concluded Lindsey was not entitled to a second opportunity to file an expert report concerning the same cause of action.

---

[2] In personal injury cases, the Texas Supreme Court has recognized a limited exception to this rule only for asbestos-related diseases resulting from workplace exposure. *Id.*

Lindsey argues the trial court erred in dismissing all her claims because her causes of action for intentional wrongdoing are not health care liability claims subject to the expert report requirement. Lindsey made the same argument in her appeal in her prior suit. We conclude now, as we did then, that her argument is without merit.

A health care liability claim cannot be recast as another cause of action in an attempt to avoid the expert report requirement. *See Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005); *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543 (Tex. 2004). We look to the underlying nature of a claim to determine whether it constitutes a health care liability claim. *See Vanderwerff v. Beathard*, 239 S.W.3d 406, 409 (Tex. App.—Dallas 2007, no pet.) (patient's claim for assault was a health care liability claim); *see also Boothe v. Dixon*, 180 S.W.3d 915, 919 (Tex. App.—Dallas 2005, no pet.) (claims for fraud, breach of fiduciary duty, and violation of the Deceptive Trade Practices Consumer Protection Act were health care liability claims). "If the act or omission alleged in the complaint is an inseparable part of the rendition of health care services, or if it is based on a breach of a standard of care applicable to health care providers, then the claim is a heath care liability claim." *Boothe*, 180 S.W.3d at 919.

As in her previous suit, the essence of each of Lindsey's claims is the injury she allegedly suffered as a result of the injection administered by White. The injection was an inseparable part of the rendition of medical services by appellees.

–6–

Accordingly, all of Lindsey's claims were subject to the expert report requirement. *See Lindsey*, 2013 WL 1456633, at *4. As stated above, Lindsey was not entitled to a second opportunity to file an expert report. Therefore, the trial court properly dismissed all of Lindsey's claims.

Lindsey makes a variety of arguments that the trial court's dismissal violated her constitutional rights. Lindsey first contends that appellees' motion to dismiss under section 74.351 was, in reality, a motion for summary judgment based on res judicata. Because of this, Lindsey argues, she was not given proper notice of the hearing or the grounds for dismissal in violation of her right to due process.

The record shows that both appellees' motion to dismiss and the trial court's order of dismissal were based on Lindsey's failure to file an expert report within the 120-day time period specified by section 74.351. Lindsey contends that, because the focus of the motion was her failure to file an expert report in her 2011 lawsuit, the basis of the dismissal in this case must be res judicata. But the discussion of the 2011 suit was not to show that Lindsey's claims were barred because they had been previously litigated, but to show when the 120-day period to file her expert report began and ended. Because the report filed by Lindsey in 2019 did not fall within that window, the trial court was required to dismiss her claims under section 74.351(b).

To the extent the "single action rule" is a species of res judicata[3], it was raised by appellees below not as an independent ground for judgment, but in response to Lindsey's argument that her claims in this suit are different from the claims asserted in her 2011 suit. The "single action rule" dictated that Lindsey had only one, indivisible cause of action for all damages arising out of the breaches of duty made the subject of the 2011 suit. *SM Energy*, 2022 WL 2252423, at *6. Accordingly she was entitled to only one 120-period within which to serve her expert report addressing those breaches of duty. Lindsey had full notice of this argument below and an opportunity to respond.

Lindsey next argues that "requiring expert reports on unknown foreign bodies is an impossible condition in violation of the Texas Constitution's open courts and right to jury trial provisions." No such report was required. The report Lindsey was required to serve in 2011 needed to show only how appellees' conduct breached the applicable standard of care and how those alleged breaches caused the injury, harm, or damages that Lindsey was aware of at that time. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6). It is undisputed that Lindsey was aware she was injured by the conduct at issue when she filed suit in 2011, even if she was not aware of the extent of her alleged injuries. Where a claimant is prevented from bringing her claims because of her own failure to timely provide an expert report rather than an

---

[3] *See SM Energy Co. v. Union Pac. R.R. Co.*, No. 11-21-00052-CV, 2022 WL 2252423, at *6 (Tex. App.—Eastland June 23, 2022, no pet. h.).

unconstitutional application of the expert report requirement, an open court's challenge is unavailing. *Simmons v. Outreach Health Cmty. Care Servs., L.P.*, 511 S.W.3d 163, 172 (Tex. App.—El Paso 2014, pet. denied).

Finally, Lindsey argues the requirement under section 74.351(b) that her claims be dismissed with prejudice is excessive and violates her constitutional rights. "Every court that has considered whether the expert report requirement passes constitutional muster has concluded that it does." *Broxterman v. Carson*, 309 S.W.3d 154, 159 (Tex. App.—Dallas 2010, pet. denied); *see also Hebert v. Hopkins*, 395 S.W.3d 884, 895–901 (Tex. App.—Austin 2013, no pet.). We resolve Lindsey's sole issue against her.

We affirm the trial court's order dismissing Lindsey's claims.

/Amanda L. Reichek/

AMANDA L. REICHEK
JUSTICE

201081F.P03



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BARBARA LINDSEY, Appellant

No. 05-20-01081-CV          V.

MAX F. ADLER, M.D., P.A. F/K/A
PARK CITIES DERMATOLOGY
CENTER A/K/A COPPELL
DERMATOLOGY, MAX F.
ADLER, LINDA L. WHITE, AND
JOHN DOES, Appellees

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-07358.
Opinion delivered by Justice
Reichek. Justices Molberg and
Garcia participating.

In accordance with this Court's opinion of this date, the order of the trial court dismissing BARBARA LINDSEY's claims is **AFFIRMED**.

It is **ORDERED** that appellees MAX F. ADLER, M.D., P.A. F/K/A PARK CITIES DERMATOLOGY CENTER A/K/A COPPELL DERMATOLOGY, MAX F. ADLER, and LINDA L. WHITE recover their costs of this appeal from appellant BARBARA LINDSEY.

Judgment entered August 26, 2022