

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00101-CV

MEDICAL CENTER OF
LEWISVILLE A/K/A COLUMBIA
MEDICAL CENTER OF
LEWISVILLE SUBSIDIARY, L.P.

APPELLANT

V.

CAROLYN SLAYTON

APPELLEE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

## I. INTRODUCTION

The primary question presented by this appeal is whether, after the expiration of Texas Civil Practice and Remedies Code section 74.351's 120-day expert report deadline, a health care liability claimant may avoid dismissal of her suit against a health care provider by filing an amended petition pleading a common law premises liability slip-and-fall cause of action against the same

health care provider and based on the same facts as alleged in her original petition. During the pendency of this appeal, the Texas Supreme Court answered this question in the negative. *See Yamada v. Friend*, No. 08-0262, 2010 WL 5135334, at *1 (Tex. Dec. 17, 2010). Accordingly, we will sustain Appellant Medical Center of Lewisville a/k/a Columbia Medical Center of Lewisville Subsidiary, L.P.'s first issue and will reverse the trial court's order denying the Medical Center's motion to dismiss Appellee Carolyn Slayton's suit. We will remand this case to the trial court to enter an order dismissing Slayton's suit and to conduct a hearing on attorneys' fees pursuant to section 74.351(b)(1). *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(1) (Vernon 2005).

## II. FACTUAL BACKGROUND

Slayton was hospitalized at the Medical Center for an infection in her left leg. Slayton was administered intravenous (IV) antibiotics. While hospitalized, Slayton attempted to go to the restroom without calling a nurse to help her. Slayton fell on what she claimed was antibiotic fluid from her IV and suffered a laceration to her right shin from her IV pole, which she fell on. After a nurse found Slayton on the floor and helped her to her bed, a doctor was called to examine the laceration. Slayton's infection healed, her laceration needed no further treatment, and she was discharged with instructions for outpatient follow-up care.

2

### III. PROCEDURAL BACKGROUND

Slayton subsequently filed a health care liability suit in district court on June 29, 2009, against the Medical Center.[1]  Thus, her statutorily required expert report was required to be served on the Medical Center by October 27, 2009 (120 days after her petition was filed on June 29, 2009).  Slayton did not serve an expert report on the Medical Center, and it filed a motion to dismiss.  Slayton then filed an amended petition and argued that her amended petition, which was based on the same incident and the same facts, did not assert a health care liability claim but only a common law premises liability slip-and-fall cause of action.  In her response to the Medical Center's motion to dismiss, Slayton conceded that her original petition filed on June 29, 2009, asserted a health care liability claim but argued that her amended petition nonsuited that claim and related back to the filing of her original petition.  After a hearing, the trial court denied the Medical Center's motion to dismiss, and the Medical Center perfected this appeal.

---

[1]The Medical Center claims that Slayton had previously filed suit against it in the "Small Claims Court, Justice of the Peace, Precinct Three, Denton County, Texas" and had never filed an expert report, but instead had nonsuited that suit and refiled in district court.  Because of our disposition above, we need not address the impact of Slayton's suit in small claims court on the present suit.

## IV. *YAMADA* PROHIBITS SPLITTING A CLAIM

In *Yamada*, the Texas Supreme Court addressed "whether claims against a health care provider based on one set of underlying facts can be brought as both health care liability claims subject to the Texas Medical Liability Act (TMLA) and ordinary negligence claims not subject to the TMLA." 2010 WL 5135334, at *1. The supreme court answered this question, "We hold that they cannot." *Id*. In *Yamada*, the Friends, whose daughter collapsed and died at a water park, sued Dr. Yamada for negligently advising the park about safety procedures and the placement of defibrillators. *Id*. They did not file an expert report, and the trial court denied Dr. Yamada's motion to dismiss. *Id*. The court of appeals held that the Friends had alleged (1) that conduct by Dr. Yamada violated medical standards of care and that those allegations were subject to the TMLA and (2) that the same conduct also violated ordinary standards of care and that those allegations were not subject to the TMLA. *Id*. The Texas Supreme Court reversed the court of appeals' judgment, holding

> that because all the claims against Dr. Yamada were based on the same underlying facts, they must be dismissed because the Friends did not timely file an expert report. When the underlying facts are encompassed by provisions of the TMLA in regard to a defendant, then all claims against that defendant based on those facts must be brought as health care liability claims. Application of the TMLA cannot be avoided by artfully pleading around it or splitting claims into both health care liability claims and other types of claims such as ordinary negligence claims.
>
> . . . .

4

. . . The court of appeals' holding that the Friends asserted health care liability claims against Dr. Yamada is unchallenged and all their claims were based on the same facts. The Friends' claims against Dr. Yamada cannot be split into health care and non-health care claims by pleading that his actions violated different standards of care; all their claims must be dismissed.

. . . .

Because the Friends do not challenge the court of appeals' holding that their claims against Dr. Yamada are in part health care liability claims and based on facts covered by the TMLA, the question before us is whether claims based on the same facts can alternatively be maintained as ordinary negligence claims. We hold that they cannot.

*Id*. at *1, 3–4.

## V. *YAMADA* MANDATES DISMISSAL

In her original petition, Slayton pleaded, in part,

10.     On or about Saturday, June 30, 2007, Ms. Slayton got up from her bed to go to the restroom. As she started to the restroom, Ms. Slayton slipped and fell due to IV fluids (that she could not see) that had accumulated on the floor. Ms. Slayton was told by the nurse that her IV bag was leaking and the nurse then changed the IV bag but, unbeknownst to our client, the liquid on the floor that had leaked was not cleaned up by the nurse. When Ms. Slayton slipped and fell on the IV fluid, the IV pole base sliced her right shin open and caused a deep gash.

. . . .

13.     Defendant, Medical Center . . . , provided medical care, advice and treatment to Carolyn Slayton.

14.     Plaintiff alleges that the Defendant, Medical Center . . . , acting through its directors, officers, employees and agents, violated the duty of care it owed to Plaintiff Carolyn Slayton to exercise that degree of care, skill, supervision, and diligence ordinarily possessed and used by other hospitals under the same or similar

5

circumstances. Plaintiff alleges Medical Center . . . was negligent in the following respects and particulars among others:

> A.    In failing to properly perform the medical treatment necessary to the Plaintiff's welfare according to the standards set by the medical profession;

> B.    By failing to engage in recognized and acceptable practices in the medical profession to limit the likelihood and probability of infection following the treatment provided by the Defendant;

> C.    Failing to adhere to the acceptable standards for care of patients in the nursing profession by failing to properly observe significant changes in the patient's condition and alert a physician; by failing to properly assess the patient's needs and evaluate the medical condition of the patient; by failing to implement a proper course of nursing care based upon the existing condition of the patient; by failing to document a significant change in the patient's symptoms on the medical chart.

Slayton conceded in the trial court in her response to the Medical Center's motion to dismiss,[2] and concedes in this court in her appellate brief,[3] that her original petition filed on June 29, 2009 and quoted above, asserted a health care liability claim. It is therefore undisputed that on June 29, 2009, Slayton filed a

---

[2]Slayton's response to the Medical Center's motion to dismiss stated that the claim she had asserted prior to her first amended petition was a "health care liability claim that would have been governed by Chapter 74 of the Texas Civil Practice and Remedies Code" but that the claim "was non suited by virtue of her First Amended Original Petition."

[3]Slayton's brief states, "While Slayton's alleged health care liability claim would have been governed by Chapter 74 of the Texas Civil Practice and Remedies Code, that claim was non suited by virtue of her First Amended Original Petition."

6

health care liability claim in district court against the Medical Center. She was thus required to serve an affidavit and a curriculum vitae of an expert on the Medical Center by October 27, 2009. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). She failed to do so.

Instead, after the Medical Center filed its motion to dismiss based on her failure to comply with Chapter 74's expert report requirement, Slayton filed a first amended petition asserting that she was "injured as a result of a dangerous condition in that there was intravenous fluid on the floor [of] her room causing Plaintiff to fall and injure herself." Her first amended petition alleged that the Medical Center and its agents failed to properly inspect and maintain the flooring area in question to discover the dangerous condition, failed to maintain the floor in a reasonably safe condition, failed to give her adequate warnings of the unsafe condition, failed to remove the fluid that caused her to slip and fall, and failed to discover and remove the fluid within a reasonable time.

Thus, because Slayton conceded in the trial court and concedes in this court that her original petition asserted a health care liability claim, because she failed to file any expert report, and because her first amended petition asserting a common law premises liability slip-and-fall claim against the Medical Center is based on the same facts as the health care liability claim asserted in her original petition, the record before us reflects the type of claim splitting expressly prohibited by *Yamada*; we therefore hold that the trial court erred when it denied the Medical Center's motion to dismiss all of Slayton's claims against it, including

7

the premises liability claim asserted in her first amended petition.  *See Yamada*, 2010 WL 5135334, at *3 (holding that health care liability claims covered by the TMLA cannot be split and alternatively maintained as common law non-health care liability claims).  We sustain the Medical Center's first issue.

## VI. CONCLUSION

Having sustained the Medical Center's first issue, we need not address any of its subissues.  *See* Tex. R. App. P. 47.1.  We reverse the trial court's order denying the Medical Center's motion to dismiss.  We remand this case to the trial court for entry of an order dismissing Slayton's claims against the Medical Center and for a hearing on attorneys' fees pursuant to section 74.351(b).  *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b); *Jernigan v. Langley*, 195 S.W.3d 91, 94 (Tex. 2006).

SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  January 13, 2011