**Cathryn BROXTERMAN, Appellant,**

v.

**Doyle CARSON, M.D., et al., Appellees.**

**No. 05–08–01392–CV.**

Court of Appeals of Texas,
Dallas.

March 22, 2010.

---

Cathryn Broxterman, Allen, TX, pro se.

Kirk D. Willis, Helms & Greene, LLC, Dallas, TX, Stephanie Railsback Johnson, Law Office of Stephanie R. Johnson, Colleyville, TX, Joel J. Steed, Steed Flagg, LLP, Rockwall, TX, for Appellees.

Before Justices O'NEILL, LANG–MIERS, and MYERS.

## OPINION

Opinion By Justice O'NEILL.

Cathryn Broxterman appeals from the trial court's dismissal of her case for failure to file an expert report. In six issues, Broxterman contends generally that the trial court erred in dismissing the case because (1) alleged violations of civil rights, Texas statutes, and other acts do not require an expert report, (2) certain claims can be pursued under the doctrine of *res ipsa loquitur* without an expert report, (3) the expert report requirement violates her constitutional rights, and (4) appellees manipulated the expert report requirement by failing to timely respond to production requests. We overrule Broxterman's issues and affirm the trial court's dismissal order.

## Background

On March 29, 2006, Broxterman went to the emergency room at Medical Center of McKinney after cutting her wrist. Subsequently, she was involuntarily admitted to a nearby partner hospital, Green Oaks. When a few of the stitches came loose she was transported back to the emergency room. Dr. Doyle Carson insisted that she be given Haldol prior to being transported back to the emergency room. Broxterman told the counselor at Green Oaks, Ruth Lytle, that she had previously had a bad reaction to the medication and had many contraindications to its administration. The medication was given to her against her will and her consent was obtained after the fact. Broxterman suffered severe adverse reactions to the Haldol causing extreme pain, cracked teeth, and mental anguish. She contends that the staff at Green Oaks ignored her requests for help. Broxterman was released from Green Oaks on April 3, 2006.

Broxterman filed suit against Green Oaks, Lytle, and Dr. Carson on March 31, 2008. When Broxterman failed to file an expert report within 120 days of filing suit, the appellees moved to dismiss. The trial court dismissed the case and this appeal timely followed.

## Standard of Review

We review a dismissal of a case for failure to file an expert report for an abuse of discretion. *Jernigan v. Langley,* 195 S.W.3d 91, 93 (Tex.2006) (per curiam); *Kettle v. Baylor Med. Ctr. at Garland,* 232 S.W.3d 832, 837 (Tex.App.-Dallas 2007, pet. denied). We may find abuse of discretion where a trial court acts arbitrarily or unreasonably or without reference to any guiding rules or principles, or fails to correctly determine, analyze, or apply the law, but we may not substitute our judgment in deciding discretionary matters. *Cayton v.*

*Moore,* 224 S.W.3d 440, 444–45 (Tex.App.-Dallas 2007, no pet.).

## Application of the Expert Report Requirement to Broxterman's Claims

In her first two issues, Broxterman contends the expert report requirement does not apply to her claims for violation of civil rights, statutory violations, and assault and battery. In her third issue, she claims that the doctrine of *res ipsa loquitur* applies alleviating the need for an expert report.

A plaintiff who files a health care liability claim must file an expert report within 120 days of filing suit. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp. 2009). The only way to extend the 120–day deadline for filing the report is by written agreement of the parties. *Id.* Section 74.001(a)(13) defines a health care liability claim as a "cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract." TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(13) (Vernon 2005). An expert report must provide the expert's opinion as to the applicable standard of care and how the care provided failed to meet the standard of care and explain the relationship between that failure and the claimed injury. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(r)(6). If a claimant fails to timely file an expert report, the trial court *shall* dismiss the claim with respect to the physician or health care provider with prejudice to the refiling of the claim. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b)(2).

■ A health care liability claim cannot be recast as another cause of action in an attempt to avoid the expert report requirement. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005). We look to the underlying nature of a claim to determine whether it constitutes a health care liability claim. *Boothe v. Dixon*, 180 S.W.3d 915, 919 (Tex.App.-Dallas 2005, no pet.). If an act or omission complained of is an inseparable part of the rendition of health care services, the claim is a health care liability claim. *Id.* Whether a claim is a health care liability claim under section 74.351 is a question of law and is reviewed de novo. *Id.*

■ In her amended petition, Broxterman asserted claims for medical malpractice, fraudulent misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, violations of the Texas Health and Safety Code, assault and battery, and civil rights violations. The focal point of each of her claims is her treatment while hospitalized at Green Oaks. She complains of Dr. Carson's decision to administer Haldol against her wishes, the manner in which her concerns over the medication were or were not conveyed to Dr. Carson, the threat of physical violence if she refused the medication, the lack of obtaining prior consent, the delay in her treatment for severe side effects suffered as a result of the Haldol, and her inability to obtain something to write with to work on her religious exercises. The essence of each of Broxterman's claims is negligence in the rendition of health care services. The fact that some of the alleged acts were done knowingly or indifferently does not change the nature of the claim. *See Lee v. Boothe*, 235 S.W.3d 448, 452 (Tex.App.-Dallas 2007, pet. denied).

■ Broxterman also contends and we agree that a patient receiving either voluntary or involuntary mental health services has the right to refuse medication. However, administration of a psychoactive medication may be given without consent in certain circumstances. *See* TEX. HEALTH & SAFETY CODE ANN. § 576.025(a)(1) (Vernon Supp. 2009). She relies upon *Murphy v. Russell*, 167 S.W.3d 835 (Tex.2005) to support her contention that medication given without consent constitutes a battery. The supreme court held, however, that failure to obtain consent does not automatically result in liability. *Id.* at 838. Expert testimony is still necessary to determine whether there were reasons for providing medical care without consent that do not breach any applicable standard of care. *Id.* Thus, Broxterman's battery claim still necessitates an expert report.

We conclude that each of Broxterman's claims constitutes a health care liability claim. We overrule Broxterman's first two issues.

■ In her third issue, Broxterman contends the doctrine of *res ipsa loquitur* abolishes any need for an expert report. She contends a lay person can understand, without the need of expert testimony, that she was wrongly treated and that the mental anguish she suffered was a natural result of that treatment.

■ The rule of *res ipsa loquitur* allows an inference of negligence, absent direct proof, only when injury would ordinarily not have occurred but for negligence, and the defendant's negligence is probable. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 604 (Tex.2004). The application of the doctrine of *res ipsa loquitur* is specifically limited in health care liability claims to "those cases to which it has been applied by the appellate courts of this state as of August 29, 1977." TEX. CIV. PRAC. & REM. CODE ANN. § 74.201 (Vernon 2005). The

three categories where appellate courts have typically applied the doctrine in medical malpractice cases are (1) negligence in the use of mechanical instruments, (2) operating on the wrong portion of the body, and (3) leaving surgical instruments or sponges within the body. *Haddock v. Arnspiger*, 793 S.W.2d 948, 951 (Tex.1990).

Broxterman's claims fall outside of these three categories. Thus, the doctrine of *res ipsa loquitur* does not apply to Broxterman's case.[1] Accordingly, we overrule Broxterman's third issue.

## Validity of the Expert Report Requirement

█ Next, we address Broxterman's fourth issue in which she contends the requirement of an expert report violates her constitutional right to due process. Specifically, she asserts that the statute is unconstitutional as applied to her because her claim is not frivolous and the goal of the statute is to prevent and/or discourage frivolous lawsuits. She also contends that the expert report requirement prevents her from pursuing a remedy under the law.

█ When reviewing the constitutionality of a statute, we begin with a presumption that the statute is constitutional. *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex.2003); Tex. Gov't Code Ann. § 311.021(1) (Vernon 2005). The party challenging the constitutionality of a statute bears the burden of demonstrating that it fails to meet constitutional requirements. *Walker*, 111 S.W.3d at 66. Every court that has considered whether the expert report requirement passes constitutional muster has concluded that it does. *See, e.g., Thoyakulathu v. Brennan*, 192 S.W.3d 849, 855–56 (Tex.App.-Texarkana 2006, no pet.) (due process does not require "exceptions [to the expert report requirement] that would encompass any conceivable complication in order to pass constitutional muster"); *Mocega v. Urquhart*, 79 S.W.3d 61, 64 (Tex.App.-Houston [14th Dist.] 2002, pet. denied) (predecessor to section 74.351 did not violate open courts provision of Texas Constitution); *Gill v. Russo*, 39 S.W.3d 717, 718–19 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (same); *Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 736–37 (Tex.App.-San Antonio 1999, no pet.) (dismissal of claim due to failure to comply with expert report requirement, even if claim is meritorious, does not offend due process); *see also Etheredge v. McCarty*, No. 05–05–00164–CV, 2006 WL 1738258 (Tex.App.-Dallas June 27, 2006, no pet.) (mem. op.) (dismissal imposed as a direct result of plaintiff's failure to file an expert report in compliance with the statutory deadline was appropriate and did not violate the due process clause).

We recognize Broxterman's frustration of having her case dismissed under these circumstances. However, we are not at liberty to create exceptions to the expert report requirement every time the objective of that requirement is frustrated. Following the precedent of our sister courts, we conclude that the expert report requirement does not violate Broxterman's constitutional rights.

█ Broxterman also claims that the expert report requirement violates the Americans with Disabilities Act (ADA). She contends the prohibitive cost of obtaining a report violated her rights under the ADA. The ADA concerns physical and mental disabilities. *See* 29 U.S.C.A.

---

1. In light of our holding that the doctrine of *res ipsa loquitur* does not apply to Broxterman's claims, we do not express any opinion as to what effect application of the doctrine would have on the expert report requirement.

§ 705(9)(A) (West 2008). Indigence is not a disability under the ADA. *See Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.1997) (disabled person's inability to participate in reduced-fare program due to inability to afford medical documentation, not due to disability). For this reason, Broxterman's ADA argument fails. Having held that section 74.351 does not violate Broxterman's constitutional rights or the ADA, we overrule her fourth issue.

█ In her fifth issue, Broxterman asserts the trial court erred in dismissing her case for failure to file an expert report because Green Oaks failed to produce her medical records in response to discovery requests. In her brief, Broxterman contends that in response to her request to produce her medical records, Green Oaks stated that it did not have to produce her medical records until she filed her expert report. Broxterman's contention is not supported by the record. The record shows that Green Oaks objected to the production request as overbroad and that the records were in the custody and control of the Medical Center of McKinney, not Green Oaks.

Although we understand Broxterman's frustration with attempting to obtain an expert report without her medical records, the statute does not provide for any extension based on diligent efforts. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a); *Regis v. Harris County Hosp. Dist.*, 208 S.W.3d 64, 67 (Tex.App.-Houston [14th Dist.] 2006, no pet.). For this reason, we overrule Broxterman's final issue and affirm the trial court's order.[2]

---

**2.** Broxterman's sixth issue is broadly worded to include points from her first five issues. Because we overrule her first five issues, we also overrule her sixth issue.