

NUMBER 13-09-00076-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ELIDA RAMIREZ, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
ENRIQUETA GOMEZ, DECEASED, CRUZ
GOMEZ, DIANA CONTRERAS, GUADALUPE
SALAZAR, JOE GOMEZ, JOSEFA GOMEZ,
JUAN GOMEZ, LEO GOMEZ, MANUELA G. REYNA,
PABLO GOMEZ, PEDRO GOMEZ, AND VIRGINIA
GONZALEZ,                                                    Appellants,

v.

DOCTORS HOSPITAL AT RENAISSANCE, LTD.,          Appellee.

On appeal from the County Court at Law No. 4
of Hidalgo County, Texas.

# O P I N I O N

## Before Justices Garza, Benavides, and Vela
## Opinion by Justice Benavides

Appellants, Elida Ramirez, individually and as representative of the estate of Enriqueta Gomez, Deceased, Cruz Gomez, Diana Contreras, Guadalupe Salazar, Joe Gomez, Josefa Gomez, Juan Gomez, Leo Gomez, Manuela G. Reyna, Pablo Gomez, Pedro Gomez, and Virginia Gonzalez (collectively "Ramirez"), appeal the trial court's order granting attorneys' fees in favor of appellee, Doctors Hospital at Renaissance, Ltd. (the "hospital") after their health care liability claims were dismissed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (Vernon Supp. 2010). By a single issue, Ramirez argues that the trial court erred by awarding attorneys' fees based on Ramirez's failure to file an expert report because the hospital failed to provide medical records in a timely manner. *See id.* § 74.051(d) (Vernon 2005). We affirm.

## I.  BACKGROUND

This is the second time this case has been before this Court. *See Doctors Hosp. at Renaissance, Ltd. v. Ramirez*, No. 13-07-00608-CV, 2008 Tex. App. LEXIS 5124 (Tex. App.–Corpus Christi July 10, 2008, no pet.) (mem. op.) ("*Ramirez I*").[1] In *Ramirez I*, we addressed the trial court's dismissal of Ramirez's health care liability claims for failure to file an expert report. *Id.* at **5-6. The order at issue in *Ramirez I* dismissed

---

[1] The factual background of this case is set forth in *Ramirez I* and will not be repeated here except as necessary to explain the basis of our holding. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

2

Ramirez's claims and awarded attorneys' fees to the hospital in the event that Ramirez appealed but not for fees incurred in obtaining the dismissal by the trial court. *Id.* at **3-4. The hospital argued on appeal that this was error, and we agreed. *Id.* at *13. We reversed the trial court's judgment and remanded to the trial court to determine the appropriate amount of attorneys' fees. *Id.*

We noted in *Ramirez I* that Ramirez argued that the trial court improperly granted the motion to dismiss because the hospital "willfully, knowingly, and intentionally failed to provide medical records on four occasions," preventing Ramirez from filing an expert report within 120 days of filing suit. *Id.* at *3 n.2. We held, however, that Ramirez waived this argument by failing to file a notice of appeal. *Id.* (citing TEX. R. APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. . . . The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.")).

On remand, the trial court awarded the hospital attorneys' fees of $22,000 in the trial court, $6,000 if the award was unsuccessfully appealed to this Court, $5,000 if Ramirez files a petition for review with the Texas Supreme Court, and $4,000 if the petition is granted. This appeal ensued.[2]

---

[2] The trial court signed the order granting attorneys' fees on November 20, 2008. Ramirez did not file a notice of appeal until January 12, 2009. Thus, the hospital filed a motion to dismiss, arguing the notice of appeal was untimely. *See* TEX. R. APP. P. 26.1. Thereafter, Ramirez filed a rule 306a(5) motion in the trial court, which the trial court granted, finding that Ramirez's counsel did not receive notice or acquire actual knowledge of the judgment until January 5, 2009. *See* TEX. R. CIV. P. 306a(5). The

## II. ANALYSIS

By a single issue, Ramirez argues that the hospital waived its entitlement to attorneys' fees by failing to provide medical records as required by section 74.051(d) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(d).[3] The hospital argues that Ramirez waived this argument by failing to file a cross-appeal in *Ramirez I*. Assuming, without deciding, that this issue is properly before us, we disagree that the failure of a defendant to produce medical records excuses a health care liability plaintiff's duty to file a timely expert report.

Ramirez contends that the hospital's failure to provide the medical records is conduct inconsistent with an intent to rely upon the protections of chapter 74, including the right to dismissal under section 74.351. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)-(b). However, a claimant's efforts to obtain medical records under section 74.051 do not serve to toll or extend the expert report deadline. *See Estate of Regis v. Harris County Hosp. Dist.*, 208 S.W.3d 64, 68 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (holding that the plaintiff was not entitled to an equitable extension of the deadline

---

appellate timetable, therefore, did not start until January 5, 2009, and the notice of appeal was timely. Accordingly, we deny the motion to dismiss.

[3] Section 74.051(d) provides:

All parties shall be entitled to obtain complete and unaltered copies of the patient's medical records from any other party within 45 days from the date of receipt of a written request for such records; provided, however, that the receipt of a medical authorization in the form required by Section 74.052 executed by the claimant herein shall be considered compliance by the claimant with this subsection.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(d) (Vernon 2005).

for filing her medical report on the basis that she made a good-faith effort to obtain her medical records from the defendant and the defendant did not provide them); *see also Garza v. Saenz*, No. 13-09-00111-CV, 2010 Tex. App. LEXIS 1615, at *1 (Tex. App.–Corpus Christi Mar. 4, 2010, no pet.) (mem. op.); *Gulf Coast Med. Ctr., LLC v. Temple*, No. 13-09-00350-CV, 2010 Tex. App. LEXIS 405, at *14 (Tex. App.–Corpus Christi Jan. 21, 2010, no pet.) (mem. op.); *Offenbach v. Stockton*, 285 S.W.3d 517, 521 (Tex. App.–Dallas 2009, no pet.) (noting that section 74.351 does not contain a "good faith" or "due diligence" exception to the 120-day expert report deadline).

A claimant's efforts to obtain medical records under section 74.051 do not affect a court's mandate to award attorneys' fees in the case of dismissal, either. Although the Texas Supreme Court in *Garcia v. Gomez* left open the possibility that "discovery sanctions might offset an award of fees and costs under section 74.351(b)," it refused to excuse the failure to file an expert report where the trial court has not made a finding of discovery abuse. 319 S.W.3d 638, 643 (Tex. 2010). Because there is no finding of discovery abuse in this case,[4] we similarly refuse to consider whether an offset is appropriate here.

It is undisputed that Ramirez did not file an expert report before the 120-day deadline expired. Accordingly, as we held in *Ramirez I*, the trial court had no discretion but to dismiss the case and to award attorneys' fees. *See* 2008 Tex. App. LEXIS 5124,

---

[4] Although the clerk's record indicates that a motion to compel and a motion for sanctions were filed at one point in this case, it is unclear from the record which party filed these motions. Further, the trial court never ruled on either motion. Thus, there is no formal "finding of discovery abuse."

5

at *12.   We overrule Ramirez's sole issue.

### III.  CONCLUSION

Having overruled Ramirez's issue, we affirm.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
27th day of January, 2011.

6