**Opinion issued May 21, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-11-00836-CV

———————————————

## WALTER EARL TAYLOR, Appellant

## V.

## CORRECTIONAL MEDICAL SERVICES, INC. AND OCTAVIA MCCOY, Appellees

On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Case No. 10-CV-4108

## MEMORANDUM OPINION

Appellant, Walter Earl Taylor, sued appellees, Correctional Medical Services, Inc. and Octavia McCoy (collectively, "Correctional Medical"), for medical malpractice pursuant to Texas Civil Practice and Remedies Code Chapter

74. Taylor failed to serve Correctional Medical with an expert report, and Correctional Medical moved to dismiss Taylor's claim for failure to serve a timely expert report. The trial court granted Correctional Medical's motion to dismiss. In one issue, Taylor argues that the trial court abused its discretion in granting the motion to dismiss.

We affirm.

## Background

In November 2010, Taylor sued Correctional Medical for medical malpractice. He alleged that, while he was being held in the Galveston County Jail, he was given another prisoner's medication, which caused him to pass out. On December 23, 2010, Taylor moved the trial court to appoint an expert witness. In January 2011, the parties entered into an agreed discovery and docket control order, providing October 20, 2011 as the date by which "experts for all Plaintiffs shall be designated" and November 21, 2011 as the date by which "experts for all other parties shall be designated." Taylor failed to file an expert report.

More than 120 days after Taylor had filed his petition, Correctional Medical moved to dismiss his claim based on his failure to file the required expert report. At the hearing on Correctional Medical's motion to dismiss, the trial court informed Taylor that it would "continue" its ruling for thirty days to allow Taylor time to file the expert report. Thirty days later, Correctional Medical moved the

trial court to rule on its motion to dismiss, and the trial court granted the motion to dismiss. This appeal followed.

## Standard of Review

Texas Civil Practice and Remedies Code section 74.351 requires a claimant in a health care liability claim to file an expert report and serve it on each party not later than the 120th day after the petition was filed. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon 2011). If the plaintiff fails to serve an expert report, the trial court must, on the motion of the affected health care provider, dismiss the plaintiff's claim with prejudice. *Id.* § 74.351(b); *Heriberto Sedeno, P.A. v. Mijares*, 333 S.W.3d 815, 818 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

We review a trial court's ruling on a section 74.351 motion to dismiss for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001) (construing predecessor statute). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam).

## Expert Report Requirement

Taylor asserts several arguments in support of his contention that the trial court abused its discretion in dismissing his case. He argues that: (1) we can dismiss the trial court's judgment because the trial court did not file findings of

3

fact and conclusions of law; (2) Texas Rule of Civil Procedure 165a allows a court to reinstate a case upon a finding that the party's failure was due to accident or mistake; (3) the trial court "should have granted or at least had a hearing on [Taylor's] motion to appoint an expert witness at county expense" because Taylor is indigent; (4) the parties signed an agreed docket control order that extended the date for serving the expert report; and (5) section 74.351 is unconstitutional as applied to him because it has prevented him, an indigent inmate, from pursuing his claims and thus raises "due process concerns" and violates the Texas Constitution's open courts provision.

## A.      Failure to File Findings of Fact and Conclusions of Law

Taylor argues, "Since the trial court did not file findings and conclusions, the Court of Appeals can dismiss a judgment, then use any legal theory that finds support in the evidence."   However, we do not dismiss a judgment for a trial court's failure to file findings or conclusions.  Rather, in a case like this in which there are no findings of fact or conclusions of law from the trial court, a judgment dismissing a health care liability claim under section 74.351 will be upheld on any legal theory supported by the record, and findings necessary to that holding will be implied.  *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam).

## B. Rule of Civil Procedure 165a

Taylor further argues that Rule of Civil Procedure 165a requires a court to reinstate a case upon finding "that the failure of the party or his attorney was not intentional or the result of conscious indifference, but was due to an accident or mistake or that the failure has been otherwise reasonably explained." He argues that, as an inmate who is not knowledgeable about the law, he should have been "provided an opportunity after being informed that he needed an expert witness to remedy that mistake."

First, we observe that Rule 165a applies to dismissals for want of prosecution and is not applicable in Taylor's case. *See* TEX. R. CIV. P. 165a. Furthermore, parties, like Taylor, who appear pro se must comply with all applicable laws and rules of procedure and are held to the same standards as are licensed attorneys. *See Milton v. Nguyen*, No. 01-11-00958-CV, 2012 WL 3228835, at *1 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, pet. denied) (mem. op.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) and *Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ)).

## C. Appointment of an Expert Witness

Taylor asserts that the trial court erred in failing to appoint an expert witness for him at the county's expense. Taylor cites no authority, nor do we find any,

supporting his contention that he is entitled to appointment of an expert witness at the county's expense. To the contrary, several courts, including this Court, have stated that a trial court is not obligated to appoint a free expert to indigent plaintiffs in health care liability claims. *See Gill v. Russo*, 39 S.W.3d 717, 719 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) ("No statute provides for free experts to support an indigent plaintiff's case."); *Fails v. Basse*, No. 07-08-00445-CV, 2010 WL 877537, at *2 (Tex. App.—Amarillo Mar. 11, 2010, pet. denied) (mem. op.) (stating that federal authority cited by indigent plaintiff seeking appointment of free expert "makes it clear that the appointment of an expert is within the discretion of the trial court" and observing that, even in criminal cases, appointment of expert is not automatic); *cf. Gibson v. Tolbert*, 102 S.W.3d 710, 713 (Tex. 2003) (addressing issue of appointed counsel in medical malpractice cases brought by indigent inmates and finding no automatic right to appointed counsel); *Bankhead v. Spence*, 314 S.W.3d 464, 467–69 (Tex. App.—Waco 2010, pet. denied) (holding that indigent inmate was not entitled to appointed counsel in medical malpractice suit).

**D.   Docket Control Order**

Taylor argues that the parties agreed to extend the deadline to file the expert report in their January 2011 docket control order. However, the docket control order was a generic order and did not contain any reference to the deadlines

imposed by Chapter 74.  In *Spectrum Healthcare Resources, Inc. v. McDaniel*, the supreme court held that a generic docket control order agreed to by the parties, which made no reference to the deadlines imposed by Chapter 74, did not establish the intent of the parties to extend the statutory expert report deadline.  306 S.W.3d 249, 253–54 (Tex. 2010).  To extend the deadline to file an expert report, the order must explicitly indicate the parties' intention to extend the deadline and reference that specific deadline.  *Id.* at 254.  That is not the case here.  Thus, the docket control order did not extend Taylor's deadline to file the expert report, and Correctional Medical's right to mandatory dismissal in the event that Taylor failed to file a timely expert report was not affected by the agreed docket control order. *See id.*; *Heriberto Sedeno, P.A.*, 333 S.W.3d at 824 (holding right to mandatory dismissal not affected by agreed docket control order that failed to explicitly indicate parties' intention to affect their rights under Chapter 74).

E.      **Constitutionality of Section 74.351**

Finally, Taylor argues that section 74.351 is unconstitutional both on its face and as applied to him.  Specifically, he argues that the statute is arbitrary and unreasonable and that it violated his due process rights and the Texas Constitution's open courts provision.  However, Taylor failed to present to the trial court any arguments based on the constitutionality of section 74.351.  To preserve a complaint for appellate review, a party must generally present it to the trial court

in a timely request or motion. TEX. R. APP. P. 33.1(a)(1). This rule applies to constitutional issues. *Wilson-Everett v. Christus St. Joseph*, 242 S.W.3d 799, 801 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003) and *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993)). Thus, his complaints on this issue are waived.

However, even if Taylor's constitutional challenges had been preserved for our review, he still would not meet with success. To sustain a facial challenge to a statute's constitutionality, a party must show that the statute, by its own terms, always operates unconstitutionally, and merely asserting that a provision is arbitrary and unreasonable fails to demonstrate that the statute always operates unconstitutionally. *See Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 461 (Tex. App.—Austin 2006, no pet.) (holding that mere assertion that section 74.351 is "arbitrary and unreasonable" fails to demonstrate that statute always operates unconstitutionally).

Furthermore, while the Texas Constitution's open courts guarantee prohibits the Legislature from making "a remedy by due course of law contingent upon an impossible condition," a person claiming an open courts violation must raise a fact issue establishing that he did not have a "reasonable opportunity to be heard." *Stockton v. Offenbach*, 336 S.W.3d 610, 617–18 (Tex. 2011) (quoting *Diaz v. Westphal*, 941 S.W.2d 96, 100 (Tex. 1997) and citing *Yancy v. United Surgical*

8

*Partners Int'l, Inc.*, 236 S.W.3d 778, 785 (Tex. 2007)); *see also* TEX. CONST. art I, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."). Taylor has failed to raise a fact issue that he did not have a reasonable opportunity to be heard—in fact, the trial court granted him an additional thirty days to procure an expert report and he failed to do so. *See Stockton*, 336 S.W.3d at 618; *see also Bankhead*, 314 S.W.3d at 466 (noting that Texas courts have held that expert report requirement itself does not violate open courts guarantee because it is rationally related to purpose of statute to discourage frivolous malpractice suits) (citing *Offenbach v. Stockton*, 285 S.W.3d 517, 522–24 (Tex. App.—Dallas 2009), *aff'd*, 336 S.W.3d 610 (Tex. 2011) and *Smalling v. Gardner*, 203 S.W.3d 354, 370–71 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

Regarding Taylor's claim that the dismissal of his case denied him due process of law because it prevented him from pursuing his claims, we observe that multiple courts of appeal have held that section 74.351 was not unconstitutional as applied. *See, e.g.*, *Bankhead*, 314 S.W.3d at 469 (holding section 74.351 was not unconstitutional as applied in dismissing health care liability claim of indigent inmate); *Herrera*, 212 S.W.3d at 461 (holding section 74.351 did not violate due course of law provision of Texas Constitution); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 855–56 (Tex. App.—Texarkana 2006, no pet.) (holding section

9

74.351 was not unconstitutional as applied to plaintiff who failed to meet expert report deadline due to malfunctioning fax machine and stating, "[W]e conclude that [the] statute need not provide exceptions that would encompass any conceivable complication in order to pass constitutional muster"); *see also Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003) (applying predecessor to section 74.351 and determining that dismissal of suit due to claimant's failure to file expert report does not violate due process guarantees).[1]

Thus, we conclude that the trial court did not abuse its discretion in dismissing Taylor's case, and we overrule Taylor's sole issue.

---

[1] In his reply brief, Taylor argues for the first time that the trial court abused its discretion in dismissing his case because Correctional Medical did not provide him with his medical records. Generally, we should not consider issues raised for the first time in a reply brief filed on appeal. *See City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex. 1986) (per curiam); *see also* TEX. R. APP. P. 38.3 (providing that appellant may file reply brief "addressing any matter in the appellee's brief" but that court may consider and decide case before reply brief is filed). Furthermore, even assuming that Correctional Medical improperly failed to provide Taylor with his own medical records, the failure of a defendant to produce medical records does not excuse a health care liability plaintiff's duty to file a timely expert report. *Ramirez v. Doctors Hosp. at Renaissance, Ltd.*, 336 S.W.3d 352, 354 (Tex. App.—Corpus Christi 2011, no pet.). Nor does "a claimant's efforts to obtain medical records . . . serve to toll or extend the expert report deadline." *Id.*; *see also Estate of Regis v. Harris Cnty. Hosp. Dist.*, 208 S.W.3d 64, 68 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding that plaintiff was not entitled to equitable extension of expert report deadline on basis that she made good faith effort to obtain her medical records and defendant did not provide them); *Offenbach v. Stockton*, 285 S.W.3d 517, 521 (Tex. App.—Dallas 2009), *aff'd*, 336 S.W.3d 610 (Tex. 2011) (holding that section 74.351 does not contain "good faith" or "due diligence" exception to 120-day expert report deadline).

**Conclusion**

We affirm the trial court's dismissal of Taylor's case.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

11