**REVERSE and REMAND; and Opinion Filed July 10, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-00698-CV
_____

**MICHAEL SUTKER, M.D. AND SURGICAL CONSULTANTS OF DALLAS, LLC,
Appellants**
**V.**
**DORCAS SIMMONS, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-13851**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Pedersen, III

In this interlocutory appeal, Michael Sutker, M.D. and Surgical Consultants of Dallas, LLC challenge the trial court's denial of their motion to dismiss Dorcas Simmons's healthcare liability lawsuit with prejudice for failure to timely serve an expert report and curriculum vitae pursuant to section 74.351 of the Texas Civil Practice and Remedies Code. In their sole issue, appellants assert that the trial court abused its discretion by denying their motion to dismiss because Simmons failed to comply with the service requirement under section 74.351(a), subjecting her claims to mandatory dismissal under section 74.351(b). We reverse the trial court's order denying appellants' motion to dismiss, render judgment dismissing Simmons's claims against Dr. Sutker and Surgical Consultants of Dallas, LLC with prejudice, and remand for a determination of reasonable attorney's fees and costs.

# I. BACKGROUND

On October 9, 2017, Dorcas Simmons filed a health care liability suit against Michael Sutker, M.D., and his physician's group, Surgical Consultants of Dallas, LLC, in connection with injuries she sustained while a patient under the care of Dr. Sutker.[1] On October 30, 2017, Dr. Sutker filed his original answer denying Simmons's allegations. In response to Simmons's request for disclosures, Dr. Sutker stated that he would make all medical records and bills in his possession, custody, or control available for inspection and copying at the offices of his attorney at a mutually convenient date and time.

On February 27, 2018, Simmons's attorney called the law office of Dr. Sutker's attorney to request the pertinent medical records and bills and to request an extension of time within which to file Simmons's expert report. Dr. Sutker's attorney was unavailable so Simmons's attorney explained the nature of his call to an associate of Dr. Sutker's attorney. The associate informed Simmons's attorney that she would call Dr. Sutker's attorney to see how he wanted to respond to the inquiries. According to Simmons's attorney, the associate stated that she would call him back later that day. Neither Dr. Sutker's attorney nor his associate called Simmons's attorney later that day to discuss either of his requests.

Notwithstanding the lack of records, Simmons's attorney attempted to electronically serve the expert report on Dr. Sutker's attorney later that day. His first filing, submitted at 12:00 A.M. on February 28, 2018, served Dr. Sutker's attorney with the expert's CV and inadvertently omitted the expert report. Realizing his mistake, Simmons's attorney amended the filing to include the expert report of Dr. Richard Eller and served it again at 12:18 A.M. on February 28, 2018.

---

[1] In their appellate brief, appellants note that they use "Dr. Sutker" as shorthand for both Dr. Sutker and his physician's group, Surgical Consultants of Dallas, LLC. In light of their representation that their arguments below and on appeal are identical, we will do the same.

On March 9, 2018, Dr. Sutker filed a motion to dismiss because Simmons had not timely served him with an expert report as required by section 74.351 of the Texas Civil Practice and Remedies Code. Because Dr. Sutker's original answer was filed on October 30, 2017, he asserted that the 120-day deadline for serving the expert report expired on February 27, 2018. His motion requested the trial court to dismiss the claims against him with prejudice and to award him attorney's fees and costs of court.

Simmons filed a response to Dr. Sutker's motion, arguing that Dr. Sutker's failure to provide the medical records she requested should preclude his right to seek dismissal. She also argued that communications between the parties constituted an agreement to extend the statutory deadline for filing her expert report. The trial court conducted a hearing on the motion to dismiss and took the matter under advisement.

On April 11, 2018, and before the trial court had ruled on Dr. Sutker's motion to dismiss, Simmons filed a special exception and motion to strike Dr. Sutker's answer for failing to plead that he had fully complied with the provisions of sections 74.051 and 74.052. She asserted that Dr. Sutker could not plead compliance because he had failed to provide requested medical records within 45 days as required by the statute. Dr. Sutker responded, arguing that it was improper to file and request an accelerated ruling on a motion to strike before the court ruled on his pending dispositive motion. He also argued that striking his answer in its entirety was not the proper remedy for noncompliance with section 74.051.

The trial court conducted another hearing and, at the outset, announced that Dr. Sutker's motion to dismiss was denied. Although the court refused to strike Dr. Sutker's answer in its entirety, the court granted Simmons's special exception, found that Dr. Sutker had not properly answered the case, and abated the case for sixty days to allow Dr. Sutker time to properly replead

in compliance with the statute. Dr. Sutker filed this interlocutory appeal of the trial court's denial of his motion to dismiss.

## II. ANALYSIS

### A. Standard of Review

We review a trial court's decision to grant or deny a motion to dismiss under section 74.351 for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Broxterman v. Carson*, 309 S.W.3d 154, 157 (Tex. App.—Dallas 2010, pet. denied). Under this standard, we defer to a trial court's factual determinations, but we review de novo questions of law that involve statutory interpretation and constitutional challenges. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011). A trial court has no discretion in determining what the law is or applying the law to the facts. *Univ. of Tex. Med. Branch at Galveston v. Callas*, 497 S.W.3d 58, 62 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Therefore, the trial court's failure to analyze or apply the law correctly is an abuse of discretion. *Id.* In this case, the facts are undisputed, and the parties' dispute concerns purely legal questions. *See id.*

### B. The Parties' Positions

The parties do not dispute that the statutory deadline for Simmons to file an expert report was February 27, 2018. In one issue, Dr. Sutker asserts that the trial court erred in denying his motion to dismiss with prejudice pursuant to section 74.351 because Simmons failed to serve an expert report and CV on him within 120 days of the filing of his original answer.

Simmons concedes that her report—filed on February 28, 2018—was filed after the deadline. She also concedes there was no agreement between the parties to extend the deadline for filing the report. Nevertheless, Simmons argues that granting Dr. Sutker's motion to dismiss would be unfair because (i) Dr. Sutker did not produce requested medical records, and (ii) Dr. Sutker's

answer failed to properly plead compliance with Chapter 74 and thus, constituted no answer for purposes of triggering the 120-day time period by which Simmons was required to file the expert report. She also argues that if her claims are dismissed without an opportunity for a hearing on the merits, such dismissal would violate her constitutional rights to open courts and due process.

## C. Section 74.351's Expert Report Requirement

"To proceed with a health care liability claim, a claimant must comply with the expert report requirement of the Texas Medical Liability Act." *Callas*, 497 S.W.3d at 61 n.1. Section 74.351, entitled "Expert Report," provides in pertinent part:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Section 74.351 also provides:

> If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:
>
> > (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and
> >
> > (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

*Id*. § 74.351(b). Thus, section 74.351 presents "a statute-of-limitations-type deadline within which expert reports must be served." *Ogletree v. Matthews*, 262 S.W.3d 316, 319 (Tex. 2007). It requires the claimant to "serve" the expert report and CV on the party or the party's attorney by the 120-day deadline. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Although the deadline can lead to seemingly harsh results, *Ogletree*, 262 S.W.3d at 320, strict compliance with this provision is mandatory. *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013). If the claimant does not serve an

expert report by the statutory deadline and the parties have not agreed to extend the deadline, the statute requires dismissal of the claim with prejudice on the motion of the defendant physician or health care provider. *Zanchi*, 408 S.W.3d at 376. In other words, if the report is not filed by the deadline, the Legislature has denied trial courts the discretion to grant extensions or deny motions to dismiss. *Badiga v. Lopez*, 274 S.W.3d 681, 683 (Tex. 2009). Further, a trial court's refusal to dismiss may be immediately appealed. *Id*. (quoting *Ogletree*, 262 S.W.3d at 319–20).

### D. Mandatory Dismissal with Prejudice Required

Here, on October 30, 2017, Dr. Sutker filed his original answer to Simmons's original petition naming Dr. Sutker as a defendant. Therefore, the statutory deadline for Simmons to serve an expert report and CV on Dr. Sutker was 120 days later, on February 27, 2018. Because there is no dispute that Simmons did not serve Dr. Sutker with the expert report and her expert's CV by February 27, 2018, the trial court did not have the discretion to deny Dr. Sutker's motion to dismiss. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (b); s*ee Zanchi*, 408 S.W.3d at 376.

#### 1. No Exception for Failure to Produce Medical Records

Simmons maintains that her claims should not be dismissed because Dr. Sutker failed to produce medical records that her expert needed to review. She asserts that Dr. Sutker ignored three separate requests for medical records—her pre-suit request for documents, her post-suit request for disclosures, and a telephonic request by her attorney on the day the expert report was due. Simmons complains that instead of receiving the documents requested from Dr. Sutker, she received a response stating that he would make all medical records and bills in his possession, custody, or control available for inspection and copying at the offices of his attorney at a mutually convenient date and time. There is nothing in the record to indicate that Dr. Sutker explicitly refused to make the records available. Indeed, it appears that neither party contacted the other party to arrange a mutually convenient date and time to inspect and copy the records—at least not until

the date on which the expert report was due. Further, there is nothing in the record to indicate that Simmons sought assistance from the court to obtain the requested medical records.

A defendant health care provider's failure to provide medical records requested under section 74.051 does not toll the 120-day expert report deadline. *See Estate of Regis v. Harris Cty. Hosp. Dist.*, 208 S.W.3d 64, 68 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (dismissal affirmed despite claimant's assertion that hospital took two years to respond to request for medical records); *see also Sprute v. Levey*, No. 04-14-00358-CV, 2015 WL 4638298, at *4 (Tex. App.—San Antonio 2015, no pet.) (mem. op.) (trial court had no discretion to grant extension of deadline to serve expert report even when defendant failed to produce requested medical records)*; White v. Willenborg*, No. 02-10-00272-CV, 2011 WL 678711, at *1 (Tex. App.—Fort Worth Feb. 24, 2011, no pet.) (mem. op.) (unless the date for serving expert report is extended by written agreement of the parties, trial court had mandatory, nondiscretionary duty to dismiss claim when plaintiff failed to timely serve expert report, notwithstanding defendant's failure to provide medical records); *Ramirez v. Doctors Hosp. at Renaissance, Ltd.*, 336 S.W.3d 352, 354 (Tex. App.—Corpus Christi–Edinburg 2011, no pet.) ("[W]e disagree that the failure of a defendant to produce medical records excuses a health care liability plaintiff's duty to file a timely expert report.").

This Court came to the same conclusion in *Broxterman v. Carson*, in which Broxterman argued that the trial court erred in dismissing her case for failure to file an expert report because the medical facility failed to produce medical records in response to discovery requests. *Broxterman*, 309 S.W.3d at 160. Acknowledging Broxterman's frustration in attempting to obtain an expert report without her medical records, we nevertheless concluded that the statute does not provide for an extension on this basis. *Id.*

In this case, there is no written agreement by the parties extending the deadline. Therefore, the trial court had a mandatory, nondiscretionary duty to dismiss Simmons's claims against Dr.

Sutker when she failed to timely serve her expert report. Whether Dr. Sutker produced the medical records requested by Simmons is irrelevant for the purposes of determining compliance with the deadline for serving an expert report. *Estate of Regis*, 208 S.W.3d at 68.

### 2. No Exception for Failure to Plead Compliance

Section 74.051(b) requires that in their pleadings, "each party shall state that it has fully complied with the provisions of this section and Section 74.052." TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(b). Dr. Sutker did not include this statement of compliance in his original answer. Simmons argues that because Dr. Sutker's answer failed to plead compliance with Chapter 74 of the Texas Civil Practice and Remedies Code, his answer was defective as a matter of law and constituted no answer. She further urges that because the statutory deadline for serving her expert report runs from the date on which Dr. Sutker's answer is filed, the 120-day time period should run from the date on which Dr. Sutker files his amended answer that properly pleads that he has complied with the statute.

There are several problems with Simmons's argument. First, we note that she does not cite, nor have we found, any authority to support this argument. Second, the trial court refused to strike Dr. Sutker's original answer, despite being asked to do so by Simmons. Instead, in its order dated May 25, 2018, the court abated the case to allowed Dr. Sutker to amend his pleadings after he provided the records. Therefore, Dr. Sutker's original answer, filed on October 30, 2017, is still on file, and section 74.351(a) mandated that Simmons serve her expert report no later than the 120th day after the date the defendant's *original answer* was filed. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (emphasis added).

### 3. No violation of Simmons's rights under the Texas Constitution

Finally, Simmons contends that a dismissal of her claims without regard to the trial court's order abating the case for sixty days would violate her right to open courts and due process under

the Texas Constitution.[2] In her special exception and motion to strike, Simmons asked the trial court to strike Dr. Sutker's answer or alternatively, to abate Dr. Sutker's "Chapter 74 affirmative defenses, including the defense to an untimely served expert report for 60 days, during which time Defendant can produce the sought after medical records to Plaintiff and amend its pleadings to demonstrate compliance." Although the trial court found that Dr. Sutker had not properly answered and abated the case for sixty days to allow Dr. Sutker time to properly replead in compliance with the statute, the court did not specifically abate or toll the 120-day deadline by which Simmons was required to serve her expert report. As discussed above, if an expert report is not filed by the deadline, the Legislature has denied trial courts the discretion to grant extensions or deny motions to dismiss. *Badiga*, 274 S.W.3d at 683.

While the open courts guarantee prohibits the Legislature from making "a remedy by due course of law contingent upon an impossible condition," the party bringing the open courts violation must raise a fact issue establishing that she did not have a "reasonable opportunity to be heard." *Stockton*, 336 S.W.3d at 617–18; *see* Tex. Const. art. I, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."). Simmons's open courts argument necessarily fails because she does not point to any evidence raising a fact issue that she did not have a reasonable opportunity to be heard on her claims against Dr. Sutker.

Simmons cannot make the argument that compliance with the 120-day deadline for filing an expert report was impossible without Dr. Sutker's medical records. The record establishes and the parties agree that she was able to serve Dr. Sutker with an expert report despite not having those records—albeit eighteen minutes late. It is Simmons's failure to timely serve an expert report

---

[2] Simmons makes the contention that a dismissal would violate her right to due process. Her appellate brief, however, contains no argument in support of her due process contention; therefore, we do not address it.

that prevents her from pursuing her claims against Dr. Sutker. Texas courts have rejected as-applied open court challenges under similar circumstances. *See, e.g.*, *Stockton*, 336 S.W.3d at 618–19; *Univ. of Tex. Health Science Ctr. at Houston v. Joplin*, 525 S.W.3d 772, 783 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Taylor v. Correctional Med. Servs., Inc.*, No. 01-11-00836-CV, 2013 WL 2246052, at *3 (Tex. App.—Houston [1st Dist.] May 21, 2013, no pet.) (mem. op.); *Doan v. Christus Health Ark-La-Tex*, 329 S.W.3d 907, 912 (Tex. App.—Texarkana 2010, no pet.). In this case, it was not impossible for Simmons to file the expert report within the 120 days from the date the original answer was filed; therefore, we cannot hold that the open courts provision of the constitution was violated.

### III.  CONCLUSION

We conclude that the trial court abused its discretion by denying Dr. Sutker's motion to dismiss. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (b); *Zanchi*, 408 S.W.3d at 376. We reverse the denial of Dr. Sutker's motion to dismiss and render judgment dismissing Simmons's claims against Dr. Sutker with prejudice. Because Dr. Sutker is entitled to an award of reasonable attorney's fees and court costs, we remand for a determination of the amount of this award.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

180698F.P05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL SUTKER, M.D. AND
SURGICAL CONSULTANTS OF
DALLAS, LLC, Appellants

No. 05-18-00698-CV      V.

DORCAS SIMMONS, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-13851.
Opinion delivered by Justice Pedersen, III.
Justices Brown and Schenck participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's order denying appellants' motion to dismiss; we **RENDER** judgment dismissing Simmons's claims against Dr. Sutker and Surgical Consultants of Dallas, LLC with prejudice; and we **REMAND** for a determination of reasonable attorney's fees and costs.

It is **ORDERED** that appellants MICHAEL SUTKER, M.D. AND SURGICAL CONSULTANTS OF DALLAS, LLC recover their costs of this appeal from appellee DORCAS SIMMONS.

Judgment entered this 10th day of July, 2019.