**AFFIRM; Opinion Filed June 7, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01351-CV**

**MARK HARSHANY, M.D., Appellant**
**V.**
**KIMBERLY ANN FOGLE, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-16911**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Kennedy

In this accelerated appeal, Mark Harshany, M.D. appeals the trial court's order

denying his motion to dismiss appellee Kimberly Ann Fogle's claims against him

for her alleged failure to timely serve him an expert report pursuant to Chapter 74 of

the Texas Civil Practice and Remedies Code.  In a single issue, Dr. Harshany argues

Fogle did not properly serve him any expert report before the statutory deadline.  We

affirm the trial court's order.  Because all issues are settled in law, we issue this

memorandum opinion.  TEX. R. APP. P. 47.4.

## BACKGROUND

On November 17, 2019, Fogle visited an urgent care facility, complaining of significant pain in her mouth and jaw. Earlier that morning, she had fallen hard on concrete steps, severely striking her face, mouth, and jaw. A physician's assistant, Kandace O. Tulk, examined and treated Fogle by suturing a laceration on her chin. Fogle returned later that evening complaining of bleeding in her left ear canal and expressed her belief that her jaw may have been broken. Tulk again examined Fogle and prescribed an antibiotic and eardrops to Fogle before discharging her. But, Tulk later called Fogle and asked her to return for x-rays to be taken. Fogle returned, and the urgent care center's radiology technician obtained radiographic images. Before discharging Fogle for a third time, Tulk informed her that she did not see any fractures but that a radiologist would review the images. Dr. Harshany reviewed the images and reported his findings that Fogle's mandible was intact.

Two days later, on November 19, Fogle visited dentist Douglas Fonville, advising him of her fall and that she could barely open her mouth or properly move her jaw. Dr. Fonville took x-rays of Fogle's jaw, but neither he nor anyone at his office informed Fogle of any fractures. After reporting that she continued to experience severe pain and difficulty moving her jaw, Fogle returned to see Dr. Fonville, who took additional x-rays of her teeth and repaired and smoothed certain fractured teeth. On December 5, Fogle called Dr. Fonville's office to report more

blood in her left ear canal, at which time his assistant communicated to her Dr. Fonville's advice to see an oral surgeon.

Ultimately, on December 11, Fogle saw oral surgeon, Dr. John Wallace, who diagnosed Fogle with three factures in her mandible. Dr. Wallace advised Fogle that the fractures had fused in malalignment that would require surgery to correct.

On November 17, 2021, Fogle filed suit against multiple defendants, including Tulk, Dr. Fonville, and Dr. Harshany for alleged medical and dental negligence in their treatment of her injuries. On May 9, 2022, Dr. Harshany filed his answer. On October 31, 2022, Dr. Harshany filed a motion to dismiss the claims against him, asserting no expert report had been served on him to date and that the statutory deadline to do so had passed, thus requiring dismissal of her suit against him.[1] Fogle responded that Dr. Harshany was timely served with an expert report by email on June 6, 2022, within 28 days of filing his original answer.

The trial court conducted a hearing on Dr. Harshany's motion to dismiss, at the conclusion of which the judge orally denied the motion and, later that same day, signed an order in which "the Court finds that Defendant's motion should be and is hereby DENIED." Dr. Harshany timely filed this appeal.

---

[1] Dr. Harshany's motion to dismiss also asserted that "the expert report [Fogle had] served on another defendant prior to his appearance in the case [was] insufficient in terms of the expert's qualifications as to Dr. Harshany" and that "the flaws and inadequacies of the report" were such that it was "not a good faith attempt to comply with the law as to Dr. Harshany and [was] tantamount to not filing any report at all." However, he does not continue to urge these arguments on appeal and thus we do not address them.

DISCUSSION

In his sole issue, Dr. Harshany argues the trial court erred by denying his motion to dismiss, urging Fogle did not properly serve him any expert report before the statutory deadline.

Chapter 74 of the Civil Practice and Remedies Code, also known as the Texas Medical Liability Act ("TMLA"), requires health care liability claimants to serve an expert report upon each defendant not later than 120 days after that defendant's answer is filed. TEX. CIV. PRAC. & REM. CODE § 74.351(a). The purpose of the expert report requirement is to weed out frivolous malpractice claims in the early stages of litigation, not to dispose of potentially meritorious claims. *See Abshire v. Christus Health Se. Tex.*, 563 S.W.3d 219, 223 (Tex. 2018) (citing *Loaisiga v. Cerda*, 379 S.W.3d 248, 258 (Tex. 2012), and *Am. Transitional Care Ctrs. of Tex. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001)). In accordance with that purpose, the Act provides a mechanism for dismissal of the claimant's suit in the event of an untimely or deficient report. *See id.* (citing CIV. PRAC. & REM. § 74.351(b)).

We review a trial court's decision to grant or deny a motion to dismiss under section 74.351 for an abuse of discretion. *Philipp v. Methodist Hosps. of Dallas*, No. 05-21-00350-CV, 2022 WL 2448118, at *1 (Tex. App.—Dallas July 6, 2022, no pet.) (mem. op.) (citing *Palacios*, 46 S.W.3d at 875, and *Broxterman v. Carson*, 309 S.W.3d 154, 157 (Tex. App.—Dallas 2010, pet. denied)). Under this standard, we defer to a trial court's factual determinations, but review de novo questions of

law that involve statutory interpretation and constitutional challenges. *Id.* (citing *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011)). A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992), and *Univ. of Tex. Med. Branch at Galveston v. Callas*, 497 S.W.3d 58, 62 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)). The trial court's failure to analyze or apply the law correctly is an abuse of discretion. *Id.*

As noted above, Dr. Harshany filed his answer on May 9, 2022, such that Fogle was required to serve on him an expert report no later than September 6, 2022. The record includes Fogle's evidence that she served Dr. Harshany with an expert report by email on June 6, 2022, within 28 days of filing his original answer. Fogle attached as exhibits to her response to Dr. Harshany's motion to dismiss copies of the June 6, 2022 emails sent to Dr. Harshany's counsel's paralegal Debbie Hull, indicating the emails contained links to "the documents you requested" and that "[t]he Ch. 74 reports and medical records are included in the document folders."

Several courts have interpreted the Legislature's use of the word "serve" to require compliance with Texas Rule of Civil Procedure 21a. *See Stockton*, 336 S.W.3d at 615; *see also* CIV. PRAC. & REM. § 74.351(a) ("In a health care liability claim, a claimant shall . . . serve on that party or the party's attorney one or more expert reports . . . ."). Rule 21a authorizes service "in person, by mail, by

commercial delivery service, by fax, ***by email***, or by such other manner as the court in its discretion may direct." *See* TEX. R. CIV. P. 21a(a)(2) (emphasis added).

Dr. Harshany argues Fogle's email service of the expert report was insufficient because "it was never directed to nor formally served on Dr. Harshany." But, he cites no authority, nor have we found any, to conclude Fogle's email to his counsel's paralegal was insufficient to meet the requirements of Rule 21a or Section 74.351. To the contrary, at least one other court has held that, "[b]ecause Rule 21a(a)(2) provides for service via email, . . . [service of an expert report by email to appellant's counsel is] a permissible method of service." *See Callas*, 497 S.W.3d at, 66; *see also* CIV. PRAC. & REM. § 74.351(a) ("In a health care liability claim, a claimant shall . . . serve on that party ***or the party's attorney*** one or more expert reports . . . .") (emphasis added). Further, we distinguish the authorities relied upon by Dr. Harshany for his argument that email service is insufficient under Rule 21a because all predate the latest changes to Rule 21a "to incorporate rules for electronic service in accordance with the Supreme Court's order . . . ." *See* TEX. R. CIV. P. 21a cmt.—2013; *Stockton*, 336 S.W.3d at 615; *Breiten v. Shatery*, 365 S.W.3d 829, 832 (Tex. App.—El Paso 2012, no pet.); *Quint v. Alexander*, No. 03-04-00819-CV, 2005 WL 2805576, at *3 (Tex. App.—Austin Oct. 28, 2005, pet. denied) (mem. op.).

Accordingly, we conclude the trial court did not abuse its discretion by denying Dr. Harshany's motion to dismiss. We overrule Dr. Harshany's sole issue.

## CONCLUSION

We affirm the trial court's order denying Dr. Harshany's motion to dismiss appellee Fogle's claims against him for her alleged failure to timely serve him an expert report pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code.

221351f.p05

/Nancy E. Kennedy/
NANCY KENNEDY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK HARSHANY, M.D.,
Appellant

No. 05-22-01351-CV      V.

KIMBERLY ANN FOGLE,
Appellee

On Appeal from the 14th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-21-16911.
Opinion delivered by Justice Kennedy. Justices Pedersen, III and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee KIMBERLY ANN FOGLE recover her costs of this appeal from appellant MARK HARSHANY, M.D.

Judgment entered this 7th day of June 2023.